WILLIAM G. SMITH, PLAINTIFF IN ERROR, V. THE SIOUX CITY & PACIFIC RAILROAD COMPANY, DEFENDANT IN ERROR.

1. **Practice**: DISMISSAL OF ACTION BY THE COURT. After the introduction of the testimony of the plaintiff to a jury impaneled to try the cause, the court has no authority to dismiss a case and discharge the jury without a verdict upon the merits.

2. ———: ———. If the evidence so introduced tends in any degree to sustain the allegations of the plaintiff's petition, the action of the court in summarily dismissing the action will be deemed prejudicial to the plaintiff, and a new trial will be ordered.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*Wigton & Whitham* and *Robertson & Campbell*, for plaintiff in error, cited: *Lewis v. Watrus*, 7 Neb., 477. *Byrd v. Blessing* 11 Ohio State, 362. *Stockstill v. Railroad*, 24 Id., 86. *Way v. R. R.*, 35 Iowa, 585. *Ellis v. Ohio*, 4 Ohio State, 646.

*Joy, Wright & Hudson*, for defendant in error, cited: *B. & M. R. R. Co. v. Wendt*, 12 Neb., 76. *Reynolds v. B. & M. R. R. Co.*, 11 Id., 186. *Manzy v. Hardy*, 13 Id., 36. *Bothwell v. R. R.*, 13 N. W. Rep., 78. *Gilman v. R. R.*, 17 Id., 520.

REESE, J.

This action was brought in the district court of Madison county by the plaintiff in error against the defendant in error for damages resulting to the plaintiff in error from personal injuries received by reason of the negligence of the agent and employe of the defendant in error.

On the trial a jury was impaneled, the plaintiff intro-

duced his testimony and rested.    The defendant thereupon filed a motion to dismiss the cause on the grounds:

1st. . That the evidence introduced by plaintiff does not show any negligence on the part of defendant, its servants, agents, or employes.

2d.    That the evidence of plaintiff does not show any cause of action against the defendant.

3d.    That no negligence has been shown to warrant or authorize any recovery in this action.

This motion was sustained, the cause dismissed, and the jury discharged.

The question presented for decision is, whether the court had the authority to dismiss the cause in this summary way.

Section 430 of the civil code provides that an action may be dismissed without prejudice to a future action, by the court, where the plaintiff fails to appear on the trial, or for want of necessary parties, or on the application of some of the defendants where there are others whom the plaintiff fails to prosecute with diligence, or for disobedience by the plaintiff of an order concerning the proceedings in the action.    In all other cases upon the trial of the action the decision must be upon the merits.    We know of no other provision of the code authorizing the court to dismiss an action than the one above referred to, and from this it is evident it was not the intention of the legislature to give to the courts any other or greater authority than is reasonably to be inferred from the language used.    We are greatly strengthened in this belief by reference to the latter clause of the section, which declares expressly that *in all other* cases upon the trial of the action the decision *must be upon the merits.*

In sustaining this motion we think the court erred.

After the evidence had been given to the jury by the plaintiff tending to maintain the issue on his part, it was error in the court to dismiss the case and discharge the jury without a verdict.    *Byrd v. Blessing,* 11 Ohio State, 362.

The next question arising in the case is, whether or not the error was to the prejudice of the plaintiff. If not, the judgment of the district court will not be reversed.

The action is brought upon the theory that the plaintiff was employed by the defendant and placed under a superior who held to plaintiff the relation of vice-principal. That this superior, although a servant of the defendant, was, so far as this plaintiff was concerned, the employer, authorized to hire and discharge other employes at his own pleasure and to exercise authority over their movements.

The questions growing out of this relation being now before the court in another cause will not be further discussed here.

By an examination of the testimony we think the evidence tended to sustain the plaintiff's theory of the case, and that it should have been submitted to the jury with the proper instructions to guide them in their deliberations. There was some evidence which tended to prove that King, the foreman, through whose negligence the plaintiff claims to have received the injury, stood in the relation of "superior servant" to the plaintiff, that he had control or superior authority over him with respect to the business in which they were employed, that he had authority to employ and discharge men as he saw proper, give direction to their movements and their work. If such were true the plaintiff would be subordinate to King, and King would stand in the place of the defendant, and if the plaintiff, while in that subordinate relation, was injured by the negligence of King, without fault on his, plaintiff's, part, as the testimony tended to prove, the defendant would be liable. *Gravelle v. M. & St. L. Ry. Co.*, 10 Fed. Rep., 711. *Little Miami R. R. Co. v. Stevens*, 20 Ohio, 415 *C. C. & C. R. R. Co. v. Keary*, 3 Ohio State, 203. *Berea Stone Co. v. Kraft*, 31 Ohio State, 287. *Dowling v. Allen*, 74 Mo., 13. *C., St. P., M. & O. R. R. v. Lundstrum*, decided at July term, 1884.

All that the evidence in any degree tends to prove must be received as fully proved for the purpose of ascertaining whether the decision of the court was to the prejudice of the plaintiff, for by the interposition of the motion the defendant admitted not only the truth of the evidence, but the existence of all the facts which the evidence conduces to prove as well as inferences to be drawn from it. The only question is, whether all the material facts alleged in the petition have been supported by *some* evidence, however slight. It matters not how slight this evidence may have been, if *any* was produced the motion should have been overruled, because it is the right of a party to have the weight and sufficiency of his testimony passed upon by the jury.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.