## JOHN J. RHODES, Executor, *vs.* O. A. PRAY.

### February 4, 1887.

**Trial — Election between Causes of Action — Discretion of Court —
Suits by Executor.**—*Held,* following former decisions, that a motion
made at the time of trial to compel an election as between several alleged
causes of action is addressed to the discretion of the court, and that its re-
fusal was not an abuse of discretion; the plaintiff suing as executor upon
a contract made between the testator and the defendant, and no preju-
dice being apparent.

**Due-Bill—Construction.**—A written instrument, wherein the maker states
that there will be due to the other party a stated sum on "final settle-
ment" of a designated transaction between them, construed as express-
ing the obligation of the maker in the amount stated, but qualified as re-
spects the payment; the same being not payable at once, but chargeable
against the maker upon settlement as specified. There being no claim to
be set off against this in settlement, the right of recovery was estab-
lished.

**Evidence—Value of Equitable Interest in Land.**—To prove the value
of the equitable interest of a purchaser of land under a contract, evidence
of the value of the land is admissible in connection with the contract.

**Trial—Offer of Evidence—Obviating Objections.**—An offer to produce
evidence, the nature of which was not particularly disclosed, being ob-
jected to, obviously upon the assumption that the proposed evidence was
of a specified objectionable character, and the objection being sustained,
it was incumbent upon the party offering the evidence to obviate the ob-
jection by such further offer or statement as would show that in fact it
was not of the objectionable character specified in the objection.

**Witness—Transactions with Deceased Person.** — Proof by plaintiff, an
executor, of an admission by the defendant of a liability in favor of the
estate does not waive the protection of the statute, so as to enable the de-
fendant to testify as to conversations with, or admissions of, the deceased
party.

Plaintiff, as executor of E. W. Grosvenor, brought this action in
the district court for Hennepin county to recover the amount of two
due-bills, of different date, each signed by the defendant, and each
stating that "there will be due to E. W. Grosvenor, on our final

settlement on the purchase of " a section of land described in it, "the sum of $3,023.75." In his complaint the plaintiff alleges that the due-bills were given for the price of Grosvenor's equitable interest in the lands described in them, on a sale thereof to the defendant. In his answer the defendant admitted the purchases, but denied that the due-bills were given for purchase-money, or to evidence any pecuniary obligation, and alleged as to each due-bill that it was merely a memorandum of a parol agreement, subsequent to the sale, that Grosvenor should break the land described in it, or so much thereof as he desired, prepare it for seed, and raise, harvest, and thresh the crop, and receive for his own use the crop raised or so much of it as should not exceed in value the amount of the due-bill.

After the answer was made, the plaintiff amended his complaint by adding four more causes of action. In two of them he counted on separate sales of the sections described in the due-bills at the price of $3,023.75 for each section, and, in the other two, on separate sales of the same sections at their reasonable value, which is alleged to have been in each case $3,100. These new causes of action were put in issue by the defendant.

At the trial before *Koon,* J., a jury being waived, the plaintiff having opened the case, the defendant moved that he be compelled to elect upon which of his causes of action he would rely. The motion was denied and the defendant excepted. Other matters excepted to are stated in the opinion. Judgment was ordered for plaintiff, and the defendant appeals from an order refusing a new trial.

*Randall & Truesdale,* for appellant.

*Cooley, Akers & Cooley* and *Hodgson & Schaller,* for respondent.

DICKINSON, J. The defendant's motion, made at the trial, to compel the plaintiff to elect upon which of the several causes of action, as set forth in the complaint, he would rely, was addressed to the sound discretion of the court. *Hawley* v. *Wilkinson,* 18 Minn. 468, (525;) *Plummer* v. *Mold,* 22 Minn. 15; *Wagner* v. *Nagel,* 33 Minn. 348, (23 N. W. Rep. 308.) The refusal to require an election was not an abuse of discretion, in view, especially, of the fact that the

plaintiff was suing as executor, and upon a cause of action the pre-- cise facts in respect to which may well have been supposed to have been unknown to the plaintiff. The action was tried by the court, and it is not apparent that the cause of the defendant was prejudiced by the course pursued.

The correct legal construction was put upon the due-bills. The liability of the defendant, as maker, was qualified only to this extent : that the amount specified should be allowed to the plaintiff's testator upon final settlement of matters relating to the purchase of the lands described, and were not at once payable. There being no claim or demand on the part of the defendant to set off against these written evidences of indebtedness, as the court considered, and, as we think, justifiably, the plaintiff was entitled to recover. There was sufficient evidence of a consideration for the due-bills, in connection with the admitted purchase of the testator's interest in the lands described in the instruments. The assignment of error in respect to the receiv- ing of Exhibit C in evidence cannot be considered, as the exhibit is not in the case, and we are not informed as to what it was. The same is true in part as to Exhibit D, although, from what is stated as to it, the evidence would seem to have been proper as a part of the proof that the defendant never presented any claim against the estate of the testator, excepting one which was afterwards withdrawn, and that he had no claim against the testator, or against his estate, which should be adjusted by "final settlement" before the due-bills should be deemed payable.

Evidence of the value of the land was admissible under the plead- ings. Although the defendant purchased from the plaintiff's testator only the equitable interest which the latter had as a purchaser un- der contract, yet this evidence, in connection with the testator's con-- tracts of purchase, was admissible for the purpose of proving the value of the equitable interest purchased by the defendant. Whether it went far enough to establish that value is not here in question; and, in view of the findings of the court, charging the defendant upon the express written contracts, the execution of which is not disputed, it is at least doubtful whether, if the evidence were erroneous, it would not have been error without prejudice.

The defendant's counsel made an offer in the following form: "To prove by witness [the defendant] the consideration of these due-bills, and what was contemplated and intended by the final settlement in said due-bills referred to, and what was to be done by Grosvenor before said due-bills were to become an absolute and valid claim against defendant." Objection was interposed, on the ground that, Grosvenor being dead, the defendant was "estopped by the statute from testifying to any conversation with him, or to any admission made by him." This objection was sustained, and no explanation was given as to the nature of the evidence proposed, save such as is embraced in the offer. The offer does not particularly disclose the nature of the evidence intended to be introduced; but it might naturally be apprehended that it might embrace conversations between the witness and the deceased party, or admissions of the latter relative to the matter in issue, which is prohibited by the statute in the terms stated in the objection. Gen. St. 1878, *c.* 73, § 8; *Griswold* v. *Edson,* 32 Minn. 436, (21 N. W. Rep. 475.) That the plaintiff took this to be the possible purpose and scope of the offer is apparent from the precise objection stated; and it may well be inferred that the court, in sustaining this objection, only intended to exclude evidence of the kind specified in the objection. Under these circumstances, if the proposed evidence did not include proof of such conversations or admissions of the deceased party, the defendant should have obviated the objection by such further offer or statement as would show that it was not within the scope of this objection and ruling.

The fact that the plaintiff, the executor, testified to conduct and statements of the defendant to him, which might be deemed to admit his liability upon the due-bills, had not the effect to waive the protection of the statute, so as to enable the defendant to testify as to conversations with, or admissions of, the deceased party. The defendant was a competent witness except as to the matters specified in the statute. He might dispute an alleged admission of his liability, or present any relevant evidence, not prohibited by the statute.

Order affirmed.