DENNIS O'CONNER vs. MARGARET HURLEY & others.

Norfolk.　March 12, 1888. — May 8, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Action — Assumpsit — Implied Contract — Mortgage Note — Presumption of Payment — Amendment.*

A person contracted with a widow to build a house on land mutually supposed to be hers, but in which she had a right of dower only, the fee being, without their knowledge, in her daughters. The daughters, who knew of the contract and did not object thereto, expressed themselves as pleased that their mother was to have a home, and made suggestions as to the building, but neither the daughters nor the contractor understood that they had made any agreement with each other. *Held*, that no contract could be implied on the part of the daughters to pay for the house.

On the completion of the house the widow gave her note and a mortgage on the land to the contractor for the cost, and paid him interest thereon. Pending a foreclosure, he discovered the error as to title, but proceeded therewith, and realized a certain sum therefrom. *Held*, that the note operated as payment, and that she was not liable on the original agreement.

CONTRACT, in two counts, to recover the price of a dwelling-house erected on land in which the first-named defendant had a right of dower, and the other defendants, her daughters, owned the fee. The first count alleged that the defendants, having requested the plaintiff to erect a dwelling-house for them on the land, and having promised to pay him therefor, owed the plaintiff for the cost thereof; and the second count alleged that they owed him the same amount as for money laid out and expended by him for their use. Answer: 1. A general denial. 2. Payment.

Trial in the Superior Court, without a jury, before *Barker*, J., who found for the plaintiff, and reported the case for the determination of this court, in substance as follows:

In December, 1882, Mrs. Margaret Hurley, widow, and two of her daughters, were occupants of a hired house from which she was obliged to move. The plaintiff, her brother, suggested that she build a house for herself and family upon a piece of land of which he and all the defendants supposed that she was the owner, but the fee of which was in her daughters, subject to her dower. She replied that she had no money. The plaintiff then

said that he would furnish the money if he could have the land and house as security, to which Mrs. Hurley assented. All the defendants afterwards knew of this arrangement of the plaintiff to build a house upon the land, and made no objection thereto, although the plaintiff and the daughters did not intend to make, and did not understand that they had made, any bargain with each other, because all parties supposed that the mother owned the property, and what the plaintiff did up to the time of taking a mortgage was done with that understanding. The house was completed early in 1883, and Mrs. Hurley and her family at once moved into it, and have continued to occupy it ever since. Two of the daughters were living out in families where they were supplied with board, but at times, for longer or shorter periods, visited their mother at the house. During the time the house was being built all the daughters knew of the fact, and from time to time visited the land, and expressed themselves as pleased with what was being done, and it was built with their knowledge and consent. They testified that they were pleased because they were interested in their mother's having a home. Conversations also took place at different times between the plaintiff and the daughters, concerning some of the details of the building, and each of them made suggestions, some of which were adopted and some were not. The house was a proper one to build upon the lot of land referred to, and suitable for the occupancy of persons of the condition of the defendants, and the estate was benefited by the erection of the house to the full value of the money expended upon it.

About a year after the completion of the house, the plaintiff requested Mrs. Hurley to give him a mortgage and note for the amount expended in building the house, which she thereupon did, and received from the plaintiff in exchange receipted bills for the money expended by him in erecting the house. At this time all parties supposed that Mrs. Hurley had a right to make this mortgage, and the note and mortgage were accepted only because of the belief of the plaintiff that she had a right to execute the mortgage, and that it gave him a complete security upon the entire fee of the estate. Mrs. Hurley at different times paid to the plaintiff $237.87, being the interest upon the mortgage up to October, 1885. The plaintiff foreclosed the mortgage

in April, 1886, and pending the foreclosure proceedings he and all the defendants for the first time learned that the fee of the estate belonged to the daughters. The mortgage note bore the following indorsement: "Received by foreclosure three hundred and sixteen dollars, being three hundred and ninety-eight dollars, less eighty-two dollars, expenses."

The judge found that the note of Mrs. Hurley was not, under the circumstances, a payment of the money due to the plaintiff, because the plaintiff supposed at the time he was getting a mortgage of the fee, and found for the plaintiff in the sum of $1982.24, being the face of the mortgage and interest, less the amount already paid thereon. After the trial and findings, the note and mortgage were deposited with the clerk of the court by the plaintiff, with the statement that they were to be cancelled, if judgment was rendered for the plaintiff. Judgment was to be entered for the plaintiff for the amount found, if the evidence should warrant it; otherwise, for the defendants.

*C. F. Perkins & A. M. Lyman*, for the defendants.

*C. H. Drew*, for the plaintiff.

DEVENS, J. The ground upon which the plaintiff seeks to establish his position, that a contract should be implied on the part of the defendants other than Mrs. Margaret Hurley (being her daughters) to pay to him the cost of the dwelling-house which he erected upon their land, in which Mrs. Hurley had a dower interest only, is that they knew that the plaintiff had made an express contract with Margaret to build a house thereon, that they not only did not object thereto, but, being aware of the fact, expressed themselves pleased therewith, as they were desirous that their mother should have a home, and made some suggestions in regard to the building.

It appears that at this time all parties believed that the land was the sole property of Mrs. Hurley; that the agreement was between her alone and the plaintiff, that he would build the house, if he could have it and the land as security; and that she subsequently mortgaged the same to him as security for the note given by her to him for his outlay. It is found that the "plaintiff and the daughters did not intend to make, and did not understand they had made, any bargain with each other, because all parties supposed that the mother owned the property," and all

that the plaintiff did was done with that understanding up to the time of completing the contract and of taking the mortgage.

As the house was a suitable one, and added to the value of the property to the amount which had been expended in its erection, the plaintiff now contends that the daughters are liable, as valuable services have been rendered on their land of which they may avail themselves in their use of it, and that they should be held responsible for the payment therefor.

If the daughters had known that this land was their property, that an expensive structure was being erected thereon, and that the builder expected that they would pay therefor, there would undoubtedly be evidence from which a contract so to do might be implied. *Day* v. *Caton*, 119 Mass. 513. When they had no knowledge that the land was theirs, and when they knew that another whom they supposed to be the owner had expressly agreed to pay therefor, no such inference can be made. They assented merely that the owner of the land should do what she desired with her own property, and were pleased and interested because the supposed owner was their mother. *Hills* v. *Snell*, 104 Mass. 173, 177. *Hayes* v. *Fessenden*, 106 Mass. 228, 230.

One cannot, merely by erecting a house on the land of another, compel him to pay for it, even if the land is benefited by the erection of the structure. *Wells* v. *Banister*, 4 Mass. 514. Such a promise cannot be implied, even if the owner uses the structure thus erected, as while it remains upon his land he is entitled to the proper use of his own land and of all that is upon it. If one voluntarily accepts services rendered for his benefit when he has the option whether to accept or reject them, a promise to pay for them may sometimes be inferred. But when one has so far taken possession of the land of another as to erect a structure upon it, the owner has no such option, if he would avail himself of his full rights to the use of his land.

In the case at bar, it does not appear, however, that the daughters have occupied this building in any way, except by visiting their mother, who occupies the house, or that they have ever objected to the removal of the house by the plaintiff. It was built upon their land by mistake, and they have not sought as yet to assert any title to it. The plaintiff urges, that the court has found that there was a contract between the plaintiff and the

daughters, and that this is a question of fact necessarily involved in the general finding for the plaintiff. But as the case is reported, the presiding judge has found for the plaintiff only in case the evidence warrants it, and in our view the evidence does not so warrant.

If the action cannot be maintained against the daughters, the question remains whether it may now be sustained upon the original contract made between the plaintiff and Mrs. Hurley, or whether, even if the plaintiff is entitled to an action against her, it must be upon the note. A plaintiff may, of course, bring an action upon the original cause, as for the purchase of goods, and also, as an alternative, unite with it a count upon a note given for the goods. These are only different modes of stating what is, in substance, the same cause of action, intended to meet the evidence at the trial.

The plaintiff has relied solely, in the case at bar, on the original contract. His declaration contains no count upon the note given by Mrs. Hurley and secured by the mortgage on the land, in which she had a valuable estate, although she did not, as all parties supposed, own the fee thereof. It was found by the presiding judge, that the note of the defendant Margaret Hurley " was not, under the circumstances, a payment of the money due to the plaintiff, because the plaintiff supposed at the time that he was getting a mortgage of the fee." It is not quite clear whether this is intended as a ruling as matter of law, or as a finding upon a question of fact. In the view we take of the case this will not be important.

It has long been the law of Massachusetts, that when a party, bound to the payment of a simple contract debt, gives his promissory negotiable note therefor, it is *prima facie* evidence of payment, and will be presumed to have been accepted in satisfaction of the pre-existing debt. The party receiving it has the same responsibility for payment that he had before, more direct and unequivocal evidence of the debt, a more simple remedy for recovering it, and the power to transfer his interest to another. But this presumption is not conclusive, and may be rebutted by evidence that such was not the intention of the parties, which intention may properly be inferred from proof that, if thus treated, the party will have relinquished valuable security. *Mel-*

*ledge* v. *Boston Iron Co.* 5 Cush. 158, 170. *Ely* v. *James,* 123 Mass. 36. *Green* v. *Russell,* 132 Mass. 536. *Tucker* v. *Drake,* 11 Allen, 145. So where a new note is given for an old one secured by mortgage, it will not be held that the original debt with the mortgage for payment thereof was thus discharged, unless it appears affirmatively that such was the intention. *Pomroy* v. *Rice,* 16 Pick. 22. *Bryant* v. *Pollard,* 10 Allen, 81.

In the case at bar, while the plaintiff supposed he was getting a security which he did not receive, no fraud was practised upon him, and the mistake of himself and Mrs. Hurley was mutual. He relinquished no right by accepting the mortgage, and in the mortgage note had provided himself with a more effectual means of enforcing his debt, and had also obtained a valuable, although insufficient, security by a mortgage, which passed Mrs. Hurley's estate in the land. Nor are these all the circumstances to be considered in deciding whether the plaintiff may now enforce his original contract against Mrs. Hurley. He received from her interest upon the note while both he and she supposed she was the owner in fee of the land, and thereafter proceeded to foreclose his mortgage.

Pending the foreclosure proceedings, his error as to the title was discovered. If it was his wish to relinquish the note and mortgage, as received by error as to the title, and to hold Mrs. Hurley to her original contract, it was his duty then to have made his election so to do. The note and mortgage were certainly given and received as payment, even if by reason of the mistake he was not obliged to treat them as such. He did not do this, but proceeded with the foreclosure of his mortgage. The indorsement on the mortgage note shows that he received thereon three hundred and ninety-eight dollars, less eighty-two dollars, the expenses of the foreclosure proceedings. The plaintiff now brings into court and deposits with the clerk the note and mortgage to be cancelled, if judgment is rendered for him. He does not, and presumably cannot, tender back to Mrs. Hurley her dower estate, of which he has deprived her by enforcing his mortgage:

It could not be held, as matter of law, therefore, on all these facts, that, because the plaintiff originally received the note and mortgage in ignorance of the defect in the title, he can now

enforce his original contract, nor would any finding of fact be warranted that he had not ultimately, with full knowledge, retained the note and mortgage in payment of his original contract.

Should the plaintiff desire to proceed against Mrs. Hurley upon the note, on proper application to the Superior Court to amend his declaration, his motion, and the terms, if any, on which it should be granted, will undoubtedly be there entertained and considered.                                   *Judgment for the defendants.*