UNION PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, V. LARS RASSMUSSEN, DEFENDANT IN ERROR.

1. **Railroads:** INJURIES TO STOCK: SPEED OF CARS IN CITY LIMITS : EVIDENCE. Where property is injured by a train of cars in a city, in a suit against the railroad company to recover damages, on the ground of negligence on the part of such company in running the engine at too great a speed, the ordinance of the city limiting the speed of trains to six miles an hour within the corporate limits, is proper evidence to go to the jury on the question of negligence.

2. ———: ———: ———: NEGLIGENCE. Where such ordi-dance imposes a duty upon those in charge of railroad trains, a

failure to discharge such duty may be considered by a jury in determining whether such railroad company was guilty of negligence where property has been injured or destroyed.

3. Instructions given, examined, and *Held*, Correct.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*J. M. Thurston, W. R. Kelly,* and *J. S. Shropshire,* for plaintiff in error, cited: Schouler's Personal Property, 695 to 700. *B. & M. R. R. v. Wendt,* 12 Neb., 77. Sherman & Redfield on Negligence, 578. *Brown v. Buffalo & State Line Ry. Co.,* 22 N. Y., 191. *C. O. Railway Co. v. Lawrence,* 13 Ohio State, 66.

*Frick & Dolezal,* for defendant in error, cited: *T., W. & W. Ry. v. O'Connor, Adm'x,* 77 Ill., 396. *Wright v. Malden & Melrose R. R. Co.,* 4 Allen, 290.

REESE, CH. J.

This action was instituted by defendant in error against plaintiff in error, to recover the value of a cow alleged to have been negligently killed by the agents and employes of plaintiff in error, while running and operating an engine and train of cars over the line of its road through the city of Fremont.

The cow is alleged to have been negligently killed on the 21st day of July, 1887, while being lawfully driven over the public crossing within the city limits in said city, and that the negligence consisted of the careless management of the train, and by running at a reckless rate of speed.

The answer denied the allegations of the petition, and alleged negligence on the part of defendant in error.

The reply was a general denial.

The trial in the district court resulted in a verdict in favor of defendant in error for $35, as the value of the

cow which was killed, and upon which verdict the judgment was rendered.

One of the assignments of error is, that the verdict was not sustained by sufficient evidence, and was contrary thereto.

The testimony before the jury was conflicting in many respects, but there was sufficient to sustain a finding that the cow was being driven across the track of plaintiff in error at the point where the railroad crosses a street, and that the train of cars was at that time approaching, and that the cow was caught and thrown from the track and injured, so that she was worthless and had to be killed. There was also sufficient evidence to sustain a finding that the train was running, at that time, at a very rapid rate of speed, although passing through a somewhat densely settled portion of the city of Fremont.

One witness testified that it was running as fast as a passenger train usually runs; another that it was going at full speed, and another that it was running pretty fast. The engineer testified that the train was running at the rate of about six miles per hour; but there were two witnesses called for the purpose of impeaching his testimony, who testified that upon a trial in the inferior court he testified, while upon the stand as a witness, that the train was running at the rate of fifteen to eighteen miles per hour.

While it is true that the engineer was, perhaps, better qualified to judge of the rate of speed than the other witnesses, yet the jury were the sole judges of the weight of their testimony, and their finding in that particular could not be molested.

The question of the negligence of the railroad company, owing to the rate of speed at which the train was alleged to have been running, was submitted to the jury by proper instructions, and considering the constant use of that particular crossing, as testified to by the witnesses, the number of inhabitants along the side of the track for a

considerable distance either way, and all the circumstances. in connection with the case, were sufficient to sustain a finding of negligence on the part of plaintiff in error.

Upon the subject of contributory negligence upon the part of defendant in error the verdict of the jury must be taken as final; for there was nothing that transpired upon his part, or upon the part of those having the cow in, charge at that particular time, which would constitute negligence *per se*, and that question having also been submitted to the jury with proper instructions for their guidance, we must take their finding as conclusive.

There is no doubt but that a duty rests upon all persons desiring to cross the track with property which may be injured to exercise reasonable care in so doing. But this obligation is mutual, and must also be observed by the employes of a railroad company in running a train of cars through a city or town. It was shown by the ordinances of the city, introduced upon the trial, that the rate of speed for trains should be six miles per hour. There is no doubt but that plaintiff's train, at the time of the occurrence of the accident, was running at a much greater rate of speed.

It is insisted that the court erred in admitting the ordinances of the city fixing this rate of speed as the maximum. In this we think the court did not err. It was competent for the jury, in passing upon the question of negligence, to know the rate of speed at which plaintiff in error was entitled to run its trains. Had it been shown upon the trial that they were within the limit fixed by ordinance, negligence could not be inferred from the mere act of running the train. But, upon the contrary, if the train was greatly exceeding the fixed rate, it was competent for the jury to consider, as tending to prove negligence. *R. R. Co. v. O'Connor*, 77 Ill., 391. *Wright v. R. R. Co.*, 4 Allen, 283. *Correll v. R. R. Co.*, 38 Iowa, 120.

An ordinance was introduced by plaintiff in error to show that cattle were not permitted to run at large within the city.

And it is insisted that the fact that the cow which was killed was permitted to run at large was negligence on the part of the owner, defendant in error.

This question does not necessarily arise in the case, for it was shown by the testimony of one witness that the boys who had charge of the cow were returning her from the pasture, had her in charge at that time, and sought to get her out of the way of the train, but that, owing to the rapid rate of speed at which the train was running, they were unable to do so.

It is insisted that as the proof showed that the cow was in charge of two boys who were hired to take her to and from the pasture daily, that they were the bailees of defendant in error, and that his right of action would be against them. This might be true had the cow been killed by reason of their negligence, but since the jury found that there was no negligence on the part of the persons in charge of the cow at the time she was killed, we do not see that it is a proper question to consider in this case.

It is next contended that the court erred in giving certain instructions to the jury, among which is instruction number six, which we here copy:

"The jury are instructed that where a railroad company runs its trains through a city at a greater rate of speed than is permitted by the ordinance of the city, and stock is killed by such train while so running, the killing will be presumed to have been done through the negligence of the company, if the jury from the evidence believe that a train running at a less speed than said train was then running would not cause the injury. It is for the jury to find from the evidence whether the train of the defendant was being run at the time of the injury at a speed greater than six miles an hour."

The objection is to that part where it is said that the killing "will be presumed to have been done through the negligence of the company," etc.

This instruction bases the presumption of negligence upon the fact, if found, that a train running at a less speed would not have caused the injury. The case is therefore brought within the rule stated in *Steves v. Railroad Company*, 18 N. Y., 422, cited by plaintiff in error. In that it is made to depend upon the condition just mentioned.

The instruction is quite similar to one given in *Correll v. Railroad Company, supra,* with the exception that in that case the running of the train faster than permitted by ordinance was said to have been evidence of negligence. But this language is followed by the words, "and the defendant is liable unless excused by the alleged negligence of plaintiff's servants." The instruction in that case was held correct, and Miller, chief justice, in writing the opinion, after citing other cases sustaining the doctrine, says that he has found but a single case holding a contrary doctrine, and that is *Brown v. Railroad Company*, 22 N. Y., 191. He also cites Shearman and Redfield on Negligence, where they say of that case: "We do not think this decision will be followed in any other state. Shearman and Redfield on Negligence, section 484, note 2." The writer of the opinion continuing, says: "It was rendered by a bare majority of the court of appeals, and has been subsequently justly criticised by the same court in *Jetter v. Railroad Company*, 2d Keyes, 154," in which it is said that the case stands, "upon grounds altogether too doubtful to justify its application to cases not strictly within it. The opinion defines the distinctions between civil remedies and criminal punishments, and the authorities cited by them go no further than to hold that, where a specific penalty is prescribed by a law forbidding an act not *per se* criminal, the act is not otherwise punishable as a public offense. It failed to recognize the axiomatic truth that every person, while violating an express statute, as a wrongdoer, and as such is *ex necessitate* negligent, in the eye of

the law, and that every innocent party whose person is injured by the act which constitutes the violation of the statute, is entitled to the civil remedy for such injury, notwithstanding any redress the public may also have."

In two other instructions the court quoted section 104 of chapter 16 of thé Compiled Statutes, which requires the ringing of the bell and sounding of the whistle before reaching public crossings, and instructed the jury that a failure to comply with the requirements of this statute was "A matter properly to be considered by the jury in determining whether defendant was guilty of negligence in killing the cow."

It is said that the bell was rung, and that the cow was not killed upon the crossing. Upon the subject of the ringing of the bell, and as to the exact location at which the cow was killed, the cause was submitted to the jury upon conflicting testimony, some witnesses testifying that the cow was struck at the crossing, and others that she was feeding by the track near the crossing. The engineer in charge of the train testified that the bell was rung continuously, while others who were near by testified that it was not. The cause was submitted to the jury upon these two theories, and the instruction complained of was not erroneous.

From a careful examination of the case we are unable to find any error requiring the reversal of the judgment, and it will, therefore, be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.