FARMERS' UNION ELEVATOR COMPANY *vs.* SYNDICATE INSURANCE COMPANY.

### January 31, 1889.

**Evidence—Conversation with Agent of Corporation, since Deceased.**
Rule as to the incompetency of one interested in the event of an action to testify as to conversations with a deceased party relative to the matter in issue, applied in a case of an alleged agreement made with a corporation through an agent of the latter who had since died.

**Trial by Court—Erroneous Admission of Evidence—Statement as to its Effect.**—The decision of a trial court, upon a case including material evidence improperly received, cannot be sustained upon a statement of the court that, even without such evidence, his decision would have been the same.

Appeal by defendant from a judgment of the district·court for Hennepin county, where the action was tried by *Lochren*, J.

*Lusk & Bunn*, for appellant.

*Benton, Plumley & Healy*, for respondent.

DICKINSON, J.    This action is for the reformation of several policies of insurance issued by the defendant to the plaintiff, and for a recovery upon the policies so reformed.   The plaintiff, owning and operating several grain elevators and warehouses situated at various places on the lines of the St. Paul, Minneapolis & Manitoba and of the Northern Pacific Railways, among which was an elevator at Hawley, upon the line of the last-named railroad, claims to have agreed with the defendant for insurance upon the grain in all of these elevators and warehouses.   The defendant executed its policies, insuring the grain "contained in elevators and warehouses situate on the St. Paul, Minneapolis & Manitoba Railroad and branches, and the Northern Pacific Railroad, as per schedule herewith, as the same may be owned, controlled, or leased by the said assured."   The schedule thus referred to, and which is a part of the policy, specifies elevators and warehouses at 18 different places, but does not include that at Hawley.   The alleged mistake, in respect to which a reformation is sought, is the omission of Hawley from this schedule.   By the decision of the court below the relief sought was allowed.   The plaintiff was not entitled to recover upon the policies, without reformation, for the destruction of grain in the elevator at Hawley.   The policy, by its plain terms, covered only the property designated in the schedule.   The schedule, naming specifically the property insured, would prevail over a more general, but inconsistent, designation, although the latter were sufficient, if standing alone, to include the property in question.   The important issue in the case, therefore, was whether there had been an agreement for insurance which embraced the property at Hawley; for a reformation of a written contract can be decreed only in case there has been an actual agreement which the writing fails to express.   *St. Anthony Falls Water-Power Co.* v. *Merriman*, 35 Minn. 42, 49, (27 N. W. Rep. 199.)

We are of the opinion that upon the trial of that issue it was error to refuse to strike out the testimony of the plaintiff's witness Pettit,

as to conversations with Stevens. This related directly to the fact in issue as to the agreement of the parties prior to the issuing of the policies sought to be reformed. The transaction was between the plaintiff, through Pettit as its agent, and the defendant, acting solely through Stevens as its agent. Stevens had since died. It had been made to appear, after the evidence had been received under objection, that the witness was a member of a copartnership which was a stockholder in the plaintiff corporation. He was therefore directly and financially interested in the event of this action. He was hence incompetent as a witness concerning conversations with Stevens relative to the matter in issue. Gen. St. 1878, c. 73, § 8; *Griswold* v. *Edson*, 32 Minn. 436, (21 N. W. Rep. 475.) In answer to the question put to this witness, "State what arrangement, if any, you made with the Syndicate Company relative to writing insurance upon your line of elevators," he testified: "They agreed to write one-twelfth of the insurance on all the grain in our country elevators." While, perhaps, this testimony should not be taken as expressing the exact language of Stevens, it must be regarded as stating the substance or import of an oral agreement by Stevens in behalf of the defendant as to the very matter in controversy. It is not competent evidence under the statute, and we must hold the refusal to strike it out to have been error.

It is said on the part of the respondent that this did not affect the result, and the learned judge who tried the cause indicates, in a memorandum filed with his decision, that, if the testimony objected to was stricken out, the evidence in the case would lead to the same conclusion. The difficulty in our giving effect to this is that we must determine the questions here presented upon the case actually before us, as it was before the trial court, and upon which his decision must be regarded as having been made. What the court *might* have decided upon a different case is not before us for review, but only what was decided upon the case made for the purpose of decision, including the testimony in question. We cannot say that in the absence of this testimony the case would have *required* the court to allow the reformation of the policies. A new trial must be granted.

Judgment reversed.

NOTE. At the same time with the foregoing opinion, the following opinion was filed in the cases of the same plaintiff against the following companies: Liverpool, London & Globe Ins. Co.; Fire Association of Philadelphia; American Fire Ins. Co.; Queen's Ins. Co., and Lancashire Ins. Co.:

DICKINSON, J. All these cases were tried in connection with that of the same plaintiff against the Syndicate Insurance Company, *supra*, p. 152. They all present the same question, the decision of which in that case led to a reversal. The result must be the same in these cases.

Judgment reversed.