CHICAGO, B. & Q. R. CO. v. PRESTON RICHARDSON.

[FILED DECEMBER 4, 1889.]

1. **Dismissal:** NOT PROPER AFTER COMMENCEMENT OF TRIAL. After the introduction of the testimony of the plaintiff to a jury impaneled to try a cause the court has no authority to dismiss a case and discharge the jury without a verdict upon the merits. (*Smith v. S. C. & P. R. Co.*, 15 Neb., 583.)

2. **Railroads: Killing Stock: Negligence: Evidence.** In an action against a railroad company for the value of a cow killed within the corporate limits of the city of L., the killing of the cow and her value were admitted upon the trial. The only questions to be submitted to the jury were whether the employes of the railroad company were negligent in killing said cow and whether the plaintiff in the action was guilty of negligence in permitting her to run at large within the city in violation of its ordinances. As bearing upon these questions of negligence, the ordinances of the city limiting the rate of speed at which trains of cars might be run, and the ordinance prohibiting the owners of cattle from allowing such stock to run at large, were proper evidence to be submitted to the jury, but neither was conclusive proof of the fact of negligence, even if violated.

Error to the district court for Richardson county. Tried below before Field, J.

*Marquett & Deweese,* and *A. G. Greenlee,* for plaintiff in error:

The animal was killed at a point where the company was not required to fence. (*Clary v. B. & M. R. Co.,* 14 Neb., 232.) The mere fact of the killing is not evidence of negligence. (3 Wood's Railway Law, 1547.) The train was running not more than four miles an hour, while a speed of eighteen miles through a city is not negligence. (*B. & M. R. Co. v. Wendt,* 12 Neb., 76.) The animal was running at large at a place where the city ordinance forbade it. Its owner was therefore guilty of contributory negligence, and the question thereof should have been submitted to the jury. (*B. & M. R. Co. v. Wendt,* 12 Neb., 79; *Kuhn v. C., R. I. & P. R. Co.,* 42 Ia., 420; *Van Horn v. Burlington, C. R. & N. R. Co.,* 59 Ia., 33.) Independent of the ordinance the place was dangerous, and defendant was guilty of negligence on account of the numerous tracks and the constant passage of trains. (*Smith v. C., R. I. & P. R. Co.,* 34 Ia., 506; *C. H. & D. R. Co. v. Street,* 50 Ind., 225.) The company is liable only for willful killing. (3 Wood's Railway Law, 1555.)

*Stevens & Love, contra:*

Speed in excess of the rate prescribed by statute or ordinance is negligence *per se.* (*Correll v. R. Co.,* 38 Ia., 120; *Jetter v. N. Y., etc., R. Co.,* 2 Abb. Ct. of App. Dec. [N. Y.], 458; *Karle v. K. C. R. Co.,* 55 Mo., 476; *Bowman v. Chicago & A. R. Co.,* 85 Mo. 533; *Toledo, etc., R. Co. v. Deacon,* 63 Ill., 91; *Houston & T. R. Co. v. Terry,* 42 Tex. 451.)　Especially was it such in this case, as the engineer knew the cattle were in the vicinity. (*U. P. R. Co. v Rasmussen,* 25 Neb., 813.)　The mere fact of the stock running at large contrary to the ordinance cannot avail the company as a defense of the negligence of its servants when they were in a position to know of the danger. (*C., M. & St. P. R. Co. v. Phillips,* 14 Ill. App., 265; *Chicago & A. R. Co. v. Hill,* 24 Ill. App., 619; *Northern C. R. Co. v. Ward,* 63 Md., 362; *Palmer v. Northern P. R. Co.,* 37 Minn., 223; *Brooks v. Hannibal, etc., R. Co.,* 27 Mo. App., 573.)　Nor does the mere fact of the stock running at large constitute contributory negligence on the owner's part. (*Bulkley v. R. Co.,* 27 Conn., 479; *Pearson v. Milwaukee & St. P. R. Co.,* 45 Ia., 497; *A. T. & S. F. R. Co. v. Davis,* 31 Kan., 645; *M. P. R. Co. v. Johnston,* 35 Id., 58; *Bowman v. Chicago & A. R. Co.,* 85 Mo., 533; *Jones v. Columbia & G. R. Co.,* 20 S. Car., 249.)

Reese, Ch. J.

This action was instituted for the purpose of recovering the value of a cow which was alleged to have been killed by an engine attached to a passenger train of plaintiff in error at a point in the city of Lincoln where the plaintiff's track crossed K street.　It was alleged in the petition that the train was running at a high rate of speed when it approached the crossing and that the accident occurred through the carelessness and negligence of the employes of plaintiff in error and without fault on the part of defendant in error.

The killing of the cow was admitted in the answer.   But it was alleged that the accident occurred within the city of Lincoln at a point where the plaintiff in error had not the right to fence its track ;   that defendant in error allowed his cow to run at large in said city contrary to the ordinances thereof, and that the cow was injured and killed by the negligence and carelessness of defendant in error and without any fault on the part of plaintiff in error.   The reply was a general denial.

A jury trial was had in the district court which resulted in a verdict in favor of defendant in error, fixing his damages at $46.84, upon which judgment was rendered.

After the evidence on the part of defendant in error had been adduced, plaintiff in error moved "that the case be dismissed on the ground that the evidence is not sufficient to support a verdict for plaintiff."   This motion was overruled and the action of the court thereon is now assigned for error.

A question similar to the one here presented was before this court in *Smith v. S. C. & P. R. R. Co.*, 15 Neb., 583, when it was decided that after the introduction of the testimony of the plaintiff in the case, to a jury impaneled to try the cause, the district court had no authority to dismiss the action and discharge the jury without a verdict upon its merits.   The court therefore did not err in refusing to dismiss the case.

The next contention of plaintiff in error is that the court erred in refusing to give to the jury the third instruction requested by it on the trial.   This instruction was as follows:

" The jury are instructed that to entitle the plaintiff to recover in this case he must prove the negligence on the part of the railroad company.   There is no evidence of negligence on the part of said company and your verdict should therefore be for the defendant."

The giving of this instruction would have been equiva-

lent to a withdrawal of the case from the jury and a direc-
tion to return a verdict in favor of plaintiff in error.   As
will be noticed further on, the evidence, although not as di-
rect and convincing as might have been desired, was suffi-
cient to require its submission to the jury, and sufficient to
sustain a finding based thereon.

The killing of the cow and her value having been ad-
mitted by plaintiff in error upon the trial, the principal
question submitted to the jury was as to whether the agents
and employes of plaintiff in error exercised due care and
diligence in running its train through the city and as it
approached the crossing.   Upon this part of the case the
evidence was conflicting.   It was shown by a witness called
on behalf of defendant in error that the train was running
at a high rate of speed, the witness being a lady who re-
sided near by and who witnessed the accident.   She was un-
able to testify at what rate of speed the train was running,
but stated that it was going about as fast as an ordinary
horse would run ; that when she saw the train strike the
cow she immediately turned away, but in an instant turned
again and saw the cow thrown from the pilot.   Upon the
other hand it was testified by the agents and employes of
defendant in error that the train was running at the rate of
about four miles per hour, and by one that the train had
stopped near by, owing to cattle being upon the track, and
that as it was starting up the cow ran upon the track and
was caught by the pilot of the engine.   This witness was to
some extent discredited by proof of his testimony upon the
trial of the same case in the inferior court.   The whole
question of negligence having been submitted to the jury
upon this conflicting evidence, we cannot say that their ver-
dict was wrong, there being sufficient evidence to warrant
a finding of negligence on the part of the train men in run-
ning the train at too great a rate of speed.

Upon the trial both parties introduced the ordinances of
the city.   That introduced by plaintiff in error being the

ordinance prohibiting the running at large of cattle within the city, and that introduced by defendant in error being one limiting the speed of trains to four miles per hour within the city limits.

While it was perhaps competent for the jury to consider the fact that the cow was unlawfully running at large, as tending to prove contributory negligence on the part of defendant in error, yet that fact could not avail the railroad company as a defense if the injury was the result of the negligence of its servants after they saw, or might have seen, the danger to the animal; or if the train was being run at a reckless or dangerous rate of speed. · Both were competent to be considered by the jury, but neither was conclusive evidence of the negligence upon the part of the parties against whom it was introduced. (*U. P. R. R. Co. v. Rasmussen*, 25 Neb., 813.)

It is next contended that the court erred in refusing to give to the jury the second instruction asked by plaintiff in error, and giving in its stead the fourth of the instructions given on its own motion. By the former, plaintiff in error sought to have the jury instructed that if the plaintiff turned the animal—for whose death the action was brought —loose in the vicinity of the railroad track and left her to wander wherever she would, and 'while so wandering she was killed, that he was guilty of contributory negligence and could not recover. While by the latter the court instructed the jury that running a train at a greater rate of speed than allowed by the ordinance would not in itself be negligence but would be if such speed was the cause of the accident, and that the running at large of the cow would not in itself be contributory negligence but would be a fact for the jury to consider.

In this action of the court we think there was no error. There was no proof as to whether the cow of defendant in error was turned loose by him or whether she had made her escape from his enclosure. But we think this would

hardly be material, as it could not be claimed that plaintiff in error could have the right to kill her negligently whatever might have been the fact as to the cause of her being permitted to go upon the track.

We find no error in the case calling for a reversal of the judgment of the district court. It will therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.