DAVID T. SHARPLESS V. R. E. GIFFEN.

FILED FEBRUARY 18, 1896. No. 6025.

1. **Negotiable Instruments:** WANT OF CONSIDERATION: PLEADING. Want of consideration in an action on a promissory note is new matter which must be specially pleaded, and is not available as a defense under a general denial.

2. **Dismissal.** The plaintiff may, as a matter of right, under section 430 of the Civil Code, dismiss his action without prejudice at any time before its final submission to the court or jury.

ERROR from the district court of Lancaster county.   Tried below before TUTTLE, J.

*Harwood, Ames & Pettis,* for plaintiff in error.

*Atkinson & Doty, contra.*

POST, C. J.

This cause originated before a justice of the peace for Lancaster county, from whence it was taken by appeal to the district court for said county, and where a trial was had to the court, a jury being waived, resulting in the judgment for the defendant therein, which it is sought to reverse by means of this proceeding.

The cause of action alleged in the petition below is a note for $144.80, bearing date of May 14, 1881, payable on demand to S. E. Sharpless, and in due form assigned to the plaintiff. The answer is a general denial. The defendant was by the district court permitted, over the objection of the plaintiff, to introduce evidence tending to prove a want of consideration for the note sued on, and which ruling is now relied upon for a reversal of the judgment.

In admitting the evidence complained of the district court erred. The general denial put in issue the execution of the note only. Want of consideration is new matter, within the meaning of the Code, which, to be available as a defense, must be specially pleaded. (*Atchison & N. R. Co. v. Washburn,* 5 Neb., 117; *Jones v. Seward County,*

10 Neb., 154; *Mordhorst v. Nebraska Telephone Co.*, 28 Neb., 610; *Cady v. South Omaha Nat. Bank*, 46 Neb. 756.) It is clear, from an inspection of the record, that the finding of the district court rests upon the alleged want of consideration. The case is not, therefore, within the exception recognized by this court, viz., that a judgment in a case tried without a jury will not be disturbed on account of the admission of immaterial evidence, when there is in the record sufficient competent evidence to sustain the finding complained of.

On the production of the evidence, and before the final submission of the cause, the plaintiff asked leave to dismiss his action without prejudice, which was refused and which is also assigned as error. Section 430 of the Code confers upon the plaintiff the right to dismiss his action without prejudice at any time before its final submission to the court or jury, and in refusing the request in this instance the court erred. *Smith v. Sioux City & P. R. Co.*, 15 Neb., 583, and *Chicago, B. & Q. R. Co. v. Richardson*, 28 Neb., 118, cited in support of ruling of the district court, are not in point. It was in the cases cited held that there was sufficient evidence to submit to the jury, and that they could not, therefore, be dismissed over the objection of the plaintiff. The judgment is reversed and the cause remanded for trial *de novo*.

REVERSED.