Weaver, J. — ■
This action was begun upon a promissory-note purporting to have been made by the Arispe Mercantile Company hy Burr Forbes, president, and Frank Forbes, secretary, payable to the order of Burr Forbes & Son, and indorsed by that firm to the plaintiff bank. To this claim the *247 defendants, Forbes & Son, wbo are sued as indorsers, answer, denying any indebtedness tbereon, and alleging that tbe note was never delivered to tbe bank, but placed in its custody for safe-keeping, and was never indorsed by tbe payee therein named. Tbe mercantile company also pleaded substantially tbe same matter in defense. After tbis defense bad been raised, tbe plaintiff amended its petition by adding a second count, alleging that on May 25, 1904, and prior to tbe making of tbe note in suit, tbe Arispe Mercantile Company made to Burr Forbes & Son its promissory note for $1,0Q0, due August 25, 1904, which note was then indorsed to tbe plaintiff. It is further alleged that tbis note fell due, and, not being paid, tbe mercantile company made, and Burr Forbes & Son indorsed to tbe plaintiff in renewal thereof, the note mentioned in tbe first count; but said plaintiff further says that, doubts having arisen as to tbe validity of said renewal note, it asks that, in case it be found not entitled to recover tbereon, it may have judgment against tbe defendants upon tbe original note, which it alleges has never been paid.
i. Negotiable in-original and renewal notes: actions. I. It is not material that we consider tbe evidence bearing upon tbe genuineness of tbe indorsement upon tbe note described in tbe first count of tbe petition; for, if its forgery has been established, it does not nec-essanly deieat the plamtirrs recovery on the ° , v second count. Tbe only instruction given by tbe trial court with reference to tbe matters pleaded in the second count is in tbe fifth paragraph of its charge, and the following is the material part thereof:
You are instructed that if the plaintiff has shown and proved by a preponderance of tbe evidence that tbe note in question, Exhibit A, was renewal of the note of date May 25, 1904, and that one of tbe defendants, Burr Forbes or Frank Forbes, delivered said note in question, Exhibit A, to the plaintiff in renewal of tbe note for $1,000 of date May 25, 1904, and you further find that at tbe time of tbe delivery of the note in question, Exhibit A, to plaintiff by one *248 of the defendants that tbe indorsement now appearing on said' note was then on the note, then yon are instructed that this in law would amount to an adoption of the signatures then appearing on said note, and on this issue of the indorsement you should find for the plaintiff and against Burr Forbes &' Son. And, in connection herewith, if you find that the defendants Burr Forbes & Son indorsed Exhibit A, then you are instructed that a valuable consideration would be presumed, and plaintiff should recover against the defendants Burr Forbes & Son, unless Burr Forbes & Son show and prove by a preponderance of the evidence that there was no valuable consideration for said note in question, Exhibit A. But, if you find the fact to be that the defendant Burr Forbes & Son received $1,000 for the sale of the first note of date May 25, 1904, and that this note in question, Exhibit A, is a renewal thereof, and you find that the defendants Burr Forbes & Son indorsed Exhibit A as heretofore defined, then your verdict should be for the plaintiff, and against Burr Forbes & Son.' Should you find under the evidence that there was no valuable consideration, or should you find that the defendant did not indorse the note as heretofore defined, then your verdict should be for the- defendants Burr Forbes & Son.
It will be observed that this instruction gives the jury no authority to find for plaintiff on the second count of its petition, but, at most, authorizes them to look to the original note only as bearing upon the consideration of the note mentioned in the first count. In this we think there was error; for, as we have already said, we may assume the proof of the alleged forgery to have been complete, yet the right of recovery on the original note would not necessarily be impaired. The giving of a renewal note had no effect in the absence of an agreement therefor to discharge either the makers or indorsers of the original obligation, if, for any reason not chargeable to the wrong or fraud of the holder, the renewal ■proves to be invalid. Indeed, in accordance with a long line of precedents, it is always allowable for the plaintiff ’ to declare in his petition in one count upon a promissory note or other written obligation, and in another upon the original *249 indebtedness or consideration for wbicb the note was given. Kimball v. Bryan, 56 Iowa, 632. The two claims are not inconsistent, and, where bnt one recovery is sought, no election is required. O'Connor v. Hurley, 147 Mass. 145 (16 N. E. 764) ; Rhodes v. Pray, 36 Minn. 392 (32 N. W. 86) ; Winstead v. Webb, 39 N. Y. 325 (100 Am. Dec. 435).
2. Same : consid-pieadirigs. It should be noted, also, in the case before us that the answer to the claim set up on the original note is a mere denial. No want of consideration for said note is pleaded, and, while the plea refers to and incorporates by reference the answer to the first count, there is nothing which by the most liberal construction can be held to constitute a plea to the consideration for the note. A mere denial of indebtedness upon a promissory note or written promise to pay does not put the consideration of the promise in issue. Nelson v. White, 61 Ind. 139; Sharpless v. Giffen, 47 Neb. 146 (66 N. W. 285) ; Insurance Co. v. Hayes (Tex. Civ. App.) 34 S. W. 654; University v. Livingston, 57 Iowa, 307. We call attention to the condition of the issues principally to emphasize our conclusion that the failure of the court to instruct upon this branch of the law of the case was clearly prejudicial. Moreover, a reading of the record makes it very evident that there was such a manifest failure of justice as requires the granting of a new trial.
Eor the reasons stated, the judgment of the district court is reversed.