EMILY H. BABCOCK *vs.* CAROLINE C. MURRAY *et al.*

Argued June 19, 1894. Reversed July 25, 1894.

No. 8738.

**Proof and findings not within the issues.**

*Held,* that evidence tending to show that the promissory notes involved in this action were void because usurious, was not admissible under the allegations of the answer. Under an allegation that there was no consideration for the notes, it was improper to show, or for the court to find, that there was an illegal consideration therefor.

**Alteration of note before its delivery to payee.**

Defendants M. executed their promissory notes, payable to plaintiff's order, and placed them in the hands of one D., to be used by him in a busi-

ness matter with, and to be delivered to, plaintiff. Prior to ·such delivery, D. signed the notes himself, and also obtained the signature of his wife thereto. *Held* that, by the act of D., there was no material alteration of the notes which affected their validity.

Appeal by plaintiff, Emily H. Babcock, from a judgment of the District Court of Ramsey County, *John W. Willis,* J., entered January 24, 1894.

Richard Deming and Courtland Babcock were in 1887 partners in business at St. Paul under the firm name of Richard Deming & Co., as brokers making loans on pledges and chattel mortgage security. Plaintiff is the mother of Courtland Babcock, and in that year she placed $9,000 in their hands to be loaned. Richard Deming on March 1, 1887, gave her his personal contract that the money should be loaned in her name and returned to her intact with interest at eight per cent. a year within six months after demand. Deming then agreed with Courtland Babcock, who held a power of attorney from plaintiff and was acting as her agent, that he would, in consideration of his inducing his mother to place this money in his hands, pay him twelve per cent. a year thereon while it remained, over and above the eight per cent. to plaintiff. In February, 1889, plaintiff demanded her money of Deming. On March 1, 1889, he agreed with her to repay it as follows: $1,000 that day, and $1,000 every six months thereafter until all should be paid. The deferred payments were to be secured by notes and mortgages as follows: The first by the note of Deming and wife, Winifred M., and their mortgage on lands in Dakota. The seven remaining installments by the notes of defendants, William P. Murray and his wife, Caroline, secured by their mortgage upon the south half of the southeast quarter of the northwest quarter of section sixteen (16), T. 29, R. 22, near the head of Lake Phelan in Ramsey County. The partnership was to be dissolved and Deming succeed to its business, pay its debts and have its assets. These notes and mortgages were all duly made and delivered. Deming's wife was a daughter of the Murrays. The seven notes for $1,000 each were made by Murray and wife payable to the order of the plaintiff and were entrusted to Deming to deliver to plaintiff. Before delivering them Deming and his wife wrote their names across the back of each note. Deming paid the $1,000 down, the note se-

cured on Dakota land and the first of the Murray notes. Deming died before the next note fell due, and this action was brought to recover the $1,000 and interest due thereon. The defendants, William Pitt Murray, Caroline C. Murray and Winifred M. Deming, answered that this note and the six others were made by them without consideration on Deming's request to be used by him to buy out the interest of Courtland Babcock in the partnership and for no other purpose. That Deming represented to them that Babcock was still his partner and that his interest in the partnership was then worth $7,-000 and defendants believed these statements and relied thereon; that Babcock was in fact not then a partner and had no interest. That Deming was of weak mind and was induced to make these representations by the importunity of plaintiff and her son, and by their threats to prosecute him for crime. To this answer plaintiff replied. The issues were tried by the court. On the trial it appeared that Deming and his wife wrote their names across the back of each of the notes before delivery and without the knowledge or consent of Murray or his wife. Defendants then claimed that Deming and wife thereby altered each note by becoming joint makers thereof with Murray and wife. Following is a copy of the note in suit:

St. Paul, Minn., March 1, 1889.

September 1, 1890, after date we promise to pay to the order of Emily H. Babcock one thousand dollars, value received. Interest at eight per cent. per annum payable monthly.

$1,000.                        Caroline C. Murray.
                                 W. P. Murray.

Indorsed: Winifred M. Deming.
             Richard Deming.

Findings were made that Richard Deming's contract to pay Courtland Babcock twelve per cent. on plaintiff's money was usurious and void and infected the notes afterwards given in settlement, and rendered them also void for usury. The court also found that the indorsement of Deming and his wife upon the notes was a material alteration of them and ordered judgment that all the notes be surrendered and cancelled and the mortgage satisfied of record.

Plaintiff moved for a new trial, but was refused and judgment was entered upon the findings. She appeals.

*Chas. G. Laybourn,* for appellant.

The defendants by their answer intended to set up the defense of fraud in the procurement of the notes, duress toward Deming, diversion of the notes from the use for which they were intended by defendants, unauthorized delivery and want of consideration. These defenses are insufficiently pleaded and do not warrant the admission of testimony upon any of them except the last.

The court found that after these notes were signed by Murray and wife and without their knowledge or consent they were signed by Deming and wife, thereby making a material alteration of them. There was nothing in the pleadings to warrant such a finding. There was no issue as to alterations. Defendants made no such claim or defense upon the trial. It therefore cannot be said that it was properly litigated on the trial, notwithstanding it was not within the issues raised by the pleadings. *Bowen* v. *Thwing,* 56 Minn. 177; *O'Neil* v. *Chicago, M. & St. P. Ry. Co.,* 33 Minn. 489; *Payette* v. *Day,* 37 Minn. 366.

The court found that each of the notes suffered a material alteration after the execution and delivery thereof by Murray and wife, by the placing upon each the additional signatures of Deming and wife. But it is undisputed that Deming and wife wrote their names across the back of each note before it was delivered to plaintiff. When handed to Deming the notes were inchoate and had no legal existence. *Stein* v. *Passmore,* 25 Minn. 256. The note could not be said to be delivered until it was accepted. It did not become a contract until it was delivered to and accepted by plaintiff. *Graham* v. *Rush,* 73 Ia. 451; *Keith* v. *Goodwin,* 31 Vt. 268; *Sampson* v. *Barnard,* 98 Mass. 359; *Ward* v. *Hackett,* 30 Minn. 150.

The trial court found that back of the transaction in which these notes were given, there was an usurious contract between the plaintiff and Richard Deming and that the liability of Deming to the plaintiff which was discharged by these notes, was usurious and therefore there was no lawful consideration for these notes. There is not an allegation in their pleadings or any evidence in the record or a statement made on the trial of this cause to show that usury was an issue in this action. No such hidden meaning could be supposed to lurk in the allegation of "no consideration." Usury admits

there was a consideration, but that the consideration was illegal. This must necessarily be pleaded. *Finley* v. *Quirk,* 9 Minn. 194; *Adams* v. *Adams,* 25 Minn. 72; *Stees* v. *Leonard,* 20 Minn. 494; *Clonan* v. *Thornton,* 21 Minn. 380; *Murphy* v. *Sherman,* 25 Minn. 196; *Brigham* v. *Wood,* 48 Minn. 344.

*Murray & Stillwell,* and *H. J. Horn,* for respondents.

The evidence discloses that the note upon which this suit was brought together with six other notes and a mortgage securing them were procured by the plaintiff in settlement of an antecedent indebtedness due her from Richard Deming. It is also shown that this antecedent indebtedness constituted the only consideration for these notes and mortgage, and that the contract on which is based this antecedent indebtedness was usurious. It follows that both the notes and mortgage were void for want of consideration; and antecedent usurious indebtedness to a third party being no consideration to hold accommodation makers of a negotiable instrument, or as the court below aptly puts it "the usurious claim of the plaintiff constituted no consideration which the law can recognize."

When what is taken nominally as compensation for the agent's services is arrived at by a percentage upon the amount loaned, instead of by agreement or estimate as to the actual value of the services, that fact may show that the loan is the consideration for the amount thus taken, and that the agreement that it shall be in compensation for services is only a cover. *Stein* v. *Swensen,* 46 Minn. 360; *Avery* v. *Creigh,* 35 Minn. 456.

The plaintiff however appears to rely mainly upon the point that the usury was not specially pleaded. The consideration of the notes and mortgage was in issue upon the general averments and denials in the pleadings on both sides. The only consideration for the notes was the settlement between the plaintiff and Richard Deming wherein the plaintiff released her claim against him. The plaintiff did not plead this settlement and in attempting to prove it as the consideration of the notes and mortgage, this usurious element appeared. There is no claim by the defendants that the notes and mortgage in issue were void because of usury. The claim is that they were void for want of a consideration. The plaintiff sets up her note and al-

leges that she gave value for it. The defendants deny her allegation of value and under that denial have a right to show that the real consideration was in fact no consideration, was in fact a usurious transaction.

The notes and mortgage when the Murrays parted with them were executed by them only, and were delivered to Richard Deming without any understanding on their part that there would be a change of parties. The addition of the names of Richard Deming and wife was a material alteration. *Gardner* v. *Walsh*, 5 El. & Bl. 84; *Master* v. *Miller*, 1 Smith Lead. Cas. 1254; *Bowers* v. *Briggs*, 20 Ind. 139; *Chadwick* v. *Eastman*, 53 Me. 12; *Hamilton* v. *Hooper*, 46 Ia. 515; *McCaughey* v. *Smith*, 27 N. Y. 39.

Richard Deming and wife by signing their names, although on the back of the note, became joint makers. *Stein* v. *Passmore*, 25 Minn. 256.

COLLINS, J. There seems to be no controversy over the leading facts pertaining to this case. Courtlandt Babcock, a son of plaintiff, and Richard Deming, had been engaged in business together at St. Paul, loaning money on chattel security, for a few months prior to March 1, 1887. For two years after the date just mentioned, Deming was doing business for himself, and during this time he married a daughter of defendants Murray. He died prior to the commencement of this action, and defendant Deming is his widow. The capital used by Deming in his business was principally plaintiff's, placed in his hands on different dates in the year 1887, under an agreement that he would loan it in her name, and return the principal intact, with interest at the rate of 8 per cent. per annum. All of plaintiff's business with Deming was transacted by Courtlandt Babcock as her agent, and it was found by the court that during the year 1887, and while plaintiff's money was being furnished to Deming, he entered into an agreement with Courtlandt Babcock whereby the latter was to be paid 12 per cent. per annum on all sums of money so furnished. About March 1, 1889, plaintiff called upon Deming to account for $9,000, which he had received. It was agreed that this sum had been placed in his hands, and it was also agreed that, in addition to a cash payment of $1,000 and the execution and delivery of a note for a like amount, signed by himself and wife, Deming should cause

to be executed and delivered to plaintiff, and payable to her order, seven promissory notes, signed by himself, his wife, and Mr. and Mrs. Murray, each for $1,000, and secured by a mortgage upon a certain tract of real estate owned by Mrs. Murray. The plaintiff was then to transfer to Deming all notes and mortgages acquired for her in his loan business, estimated value about $7,000. The notes, seven in number, and the mortgage, were executed by Mr. and Mrs. Murray, and placed in Deming's hands, on his representation and in the belief by them that Courtlandt Babcock was a copartner in Deming's business, and that they were to be used by the latter to buy out such partnership interest. Before delivery to plaintiff, but without the knowledge or consent of Mr. and Mrs. Murray, Deming and his wife placed their names on the back of each of said notes. It was found by the court that Deming wrongfully and fraudulently diverted said notes and mortgages from the purposes for which they were delivered to him by Mr. and Mrs. Murray, but it was also found that plaintiff was ignorant of the representations made by Deming, which induced them to make and sign the notes and mortgage, and had no knowledge of their intention and purpose when placing them in Deming's hands. She received the notes and mortgage from Deming, executed and delivered as agreed upon, and thereupon transferred to him the notes and mortgages which he had taken for her in his loaning business. The first of this series of notes to mature was paid by Deming. This action was brought to recover the amount due on the second note. The defense set up in the answer was that plaintiff, through false representations made by Deming, fraudulently obtained the notes and mortgage from Mr. and Mrs. Murray, and that they were wholly without consideration, the fraud used and practiced being fully detailed. Usury was not intimated in the answer; nor was the agreement made in 1887, between Courtlandt Babcock and Deming, referred to; nor was it alleged that there had been a material alteration of the notes, after their execution by Mr. and Mrs. Murray. Upon findings of fact, judgment was ordered, annulling and canceling the notes and mortgage, and from the judgment entered plaintiff appeals.

It is obvious that the decision of the court below was placed upon the grounds—First. That, because of the transaction between Deming and plaintiff's son, the original contract, under which the former

received the money, was void, and usurious, and hence that, when the notes and mortgage were executed and delivered, plaintiff had no enforceable claim against Deming. As a consequence, the usurious claim of plaintiff constituted no lawful consideration for such execution and delivery. And, second, that there was a material alteration of the notes when, after the execution by the Murrays, Deming and his wife placed their names upon the backs, thus becoming original makers.

Conceding that the evidence was sufficient to justify the court below in finding that there was an agreement between the plaintiff's son and Mr. Deming, whereby the former was to receive 12 per cent. as interest on such sums of money as were placed in the latter's possession,—and of this there is very grave doubt,—such evidence was wholly inadmissible under the pleadings. The defense interposed was not an illegal, usurious consideration for the execution and delivery of the notes, but a total want of consideration, the facts on which the claim was based being specifically stated. The defense of usury was not even hinted at in the answer; and, when objection was made by plaintiff's counsel to the introduction in evidence of the writing on which the court predicated its finding that the original contract was tainted with usury, defendants' counsel admitted that their purpose in offering it was simply to establish a date which they regarded as of importance to their clients. The record clearly discloses that at no time during the trial did counsel for either party claim that an illegal consideration was the foundation of the notes, or that the question of usury had to do with the result. The finding was not within the pleadings, and not warranted by them, or by the conduct of the parties on the trial in litigating voluntarily a question not within the issues.

The conclusion of the court that there was a material alteration of the notes, which vitiated them in plaintiff's hands, was not warranted by the pleadings or by the facts as found. The act which, in the view of the court, constituted a material alteration of the notes, and rendered them void, was the placing of the names of Mr. and Mrs. Deming on the back of the notes after they had been executed by defendants Murray, but prior to their delivery to plaintiff. There was no allegation in the answer under which it could be claimed that proof of an alteration was admissible. The answer expressly admit-

ted that defendant Winnifred Deming was a maker of the note, and as to whether Richard Deming was a maker defendants denied on information and belief; while the facts as shown and actually found were that, after Mr. and Mrs. Murray signed the notes, they delivered them into the hands of Richard Deming, to be delivered to plaintiff with the mortgage, and that, while in his hands and prior to delivery to plaintiff, his own name and that of his wife were subscribed, as before stated. The defendants Murray intrusted the notes to Deming, for delivery to plaintiff; and it is well settled that their validity could not be affected by the fact that he then signed the notes himself, and procured his wife to sign also. *Stein* v. *Passmore,* 25 Minn. 256; *Ward* v. *Hackett,* 30 Minn. 150, (14 N. W. 578;) *Keith* v. *Goodwin,* 31 Vt. 268; *Governor* v. *Lagow,* 43 Ill. 145; *State* v. *Dunn,* 11 La. Ann. 549.

Judgment reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1038.)