EMILY H. BABCOCK v. CAROLINE C. MURRAY and Others.[1]

June 20, 1895.

Nos. 9433—(194).

**Appeal—Reversal—New Trial.**

On an appeal to this court, a judgment simply of reversal will have the least effect which is consistent with the opinion and the grounds on which the reversal is put, and does not of itself grant a new trial in the sense of awarding a venire de novo, unless that is the necessary effect of such reversal, and the grounds on which it is put.

**Same.**

The conclusions of law, order for judgment, and judgment of the court below were based on two independent findings of fact, as to one of which no issue was ever made by the pleadings or litigated on the trial. The other was wholly insufficient to sustain the judgment, and the court on said appeal so held. No other error was found in the record, and the other findings of fact were responsive to all the material issues actually litigated. *Held*, a judgment of this court, simply reversing the judgment of the court below, did not, in effect, grant a new trial.

[1] Reported in 63 N. W. 1076.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., denying a motion for judgment. Reversed.

*Charles G. Laybourn,* for appellant.

*Murray & Stilwell* and *Henry J. Horn,* for respondents.

CANTY, J.[2] This is a second appeal by plaintiff in this action. The first appeal was from the judgment. See 58 Minn. 385, 59 N. W. 1038. The only order made by this court on the decision of that appeal was simply to reverse the judgment. On the judgment entered thereon the case was remanded to the court below for such further proceedings "as may be necessary, just, and proper." Thereupon the defendants moved the court below for leave to amend their answer, and plaintiff made a cross motion for judgment. Both motions were made on the pleadings, findings, and mandate from this court, and were denied by the court below without prejudice. Thereupon plaintiff, on the same record, again moved for judgment in her favor, which was denied, and she appeals.

No point is made that the order is not appealable. It appears that in these different motions the defendants acted on the theory that the judgment of reversal in this court, of itself, granted a new trial; the plaintiff acted on the theory that the effect of the judgment of this court was to expunge from the findings of fact certain unwarranted findings, but not to grant a new trial; while the court acted on the theory that the judgment of this court granted a new trial, unless plaintiff withdrew her motion for a new trial, and that she could not move for judgment until she did so withdraw it.

It would seem plain that if this court granted a new trial, the plaintiff could not afterwards withdraw the order or judgment granting it by any attempt to withdraw her motion for a new trial. Such judgment of reversal in this court did not, of itself, grant a new trial, unless that was the necessary effect of that judgment. A judgment simply of reversal will have the least effect which is consistent with the opinion and the grounds on which the reversal is put, and this rule is not changed by the fact that a motion for a new trial was made by appellant and denied before the entry of the judgment in the court below. The court below held that the notes on which this suit was brought are void for two reasons:

[2] Buck, J., did not sit.

First, that they are tainted with usury; and, second, that, after defendants executed the notes, the same were materially altered without their consent.

1. In the opinion on the former appeal this court held that the findings of fact on which the claim of usury is based were wholly unauthorized. It is stated in that opinion that "the defense of usury was not even hinted at in the answer. * * * The record clearly discloses that at no time during the trial did counsel for either party claim that an illegal consideration was the foundation of the notes, or that the question of usury had to do with the result. The finding was not within the pleadings, and not warranted by them, or by the conduct of the parties on the trial in litigating voluntarily a question not within the issues." It was clearly held that the question of usury was never litigated in the action, and that no finding on that question had any place in the findings at all. A reversal on that ground did not necessarily amount to ordering a venire de novo. Neither do we wish to be understood as intimating whether or not the findings on the matter of usury stated facts which would constitute usury, even if those findings had been allowed to stand.

2. In its opinion this court further held that "the conclusion of the court that there was a material alteration of the notes, which vitiated them in plaintiff's hands, was not warranted by the pleadings or by the facts as found." Certainly, a reversal on this ground did not necessarily amount to ordering a venire de novo. No other error was found in the record, and the other findings of fact are responsive to all the material issues actually litigated. It follows that by its judgment of reversal this court did not order a venire de novo.

No directions were given as to further proceedings in the case, and this left the parties and the court below free to proceed in any manner not inconsistent with the opinion and judgment of this court. The findings of the court as to usury and material alteration of the notes, its conclusion of law therefrom, and its order for judgment thereon, were all set aside by this court. As the findings then stood, plaintiff was clearly entitled to judgment, and her motion therefor should have been granted, unless the court, in its discretion, saw fit to grant a new trial on a proper application there-

for. But no such application was made; perhaps for the reason that defendants and the court below both claimed that a new trial had been granted by this court.

Under all the circumstances, we are of the opinion that the order appealed from should be reversed, with directions to the court below to grant plaintiff's motion for judgment, unless on proper application and proper cause shown, and in the exercise of his discretion, a new trial is granted.

So ordered.

START, C. J. (dissenting.) I dissent. The appellant was or was not entitled to have her motion for judgment granted as a matter of strict legal right. If so entitled, this court ought to reverse the order appealed from, and direct the trial court to enter judgment absolute for the appellant.

It is the duty of this court, wherever it can be done without unjustly trenching upon or prejudicing the rights of the parties to an appeal, to direct such order or judgment to be entered as will end the litigation, and promptly secure to the parties their legal rights. Therefore, where it reverses a judgment without any direction in the premises, the presumption is that the court could not, in justice to the parties, direct such judgment or order to be entered; and, in the absence of anything to the contrary in the opinion, the general rule as to the effect of the reversal on appeal of a judgment based upon a trial and findings or verdict is to be followed.

The general rule in such cases is that the reversal of the judgment is a determination of the court that there has been a mistrial. It operates to completely annul the judgment, and, in legal effect, grants a new trial. Upon the former appeal in this case the judgment for the defendant was reversed, and the case remanded to the district court without any special directions, and therefore the case stood, when it reached the district court, precisely as if no trial had ever been had, and the plaintiff's remedy was to notice the case for trial. The trial court and attorneys have a right to know what the status of a case is where a judgment is reversed on appeal and cause is remanded without special directions, and, in my opinion, any other rule than the one here suggested will lead to confusion and vexatious delays in the administration of justice. Elliott, App. Proc. § 580.