JOHN MADSON v. ERICK MADSON and Others.[1]

June 21, 1897.

Nos. 10,525—(181).

**Witness—Competency—Conversation with Decedent—Conclusion.**

G. S. 1894, § 5660, forbids a party to an action, or a person interested in the event thereof, from testifying indirectly to conversations with or admissions by a deceased or insane party or person, by stating in the form of conclusions of fact the result of such conversations, or the effect of such admissions.

**Same—Interest in Event of Suit—Wife of Party.**

On the trial of this action, one of the main issues was whether the plaintiff made an oral contract for the purchase of certain land with the deceased owner thereof. *Held*, that it was error to permit him to testify that he bought the land for ten dollars per acre from the deceased, and was to have a deed for the land when he paid for it, and that he had done so. But *held*, further, that the wife of the plaintiff, who was not a party to the action, was a competent witness to testify to conversations with the deceased relative to the issue, she having no direct and certain pecuniary interest in the event of the action.

**Estoppel—Wife's Failure to Object—Effect on Dower.**

Where a married man sold land, but his wife did not join therein, she is not estopped to assert, after his death, her title to one-third of the land, by the mere fact that she knew of the sale, and that the purchaser was in possession of the land, and made no objection thereto during coverture.

[1] Reported in 71 N. W. 824.

Appeal by defendants, who are the administrator and heirs of Andrew Madson, deceased, from an order of the district court for Freeborn county, Whytock, J., denying their motion for a new trial. Reversed.

*John Anderson*, for appellants.

*John A. Lovely* and *Clement S. Edwards*, for respondent.

START, C. J.

This is an action under the statute to determine adverse claims to real estate. The trial court made findings of fact and conclusions of law to the effect that the plaintiff was the owner of the real estate in question, and that none of the defendants had any right or title thereto, and directed that judgment be entered accordingly. The defendants appeal from an order denying their motion for a new trial.

The subject-matter of this action is 43 acres of land, the legal title to which, it is conceded by all parties, was in Andrew Madson at the time of his death. The defendants are his widow and heirs-at-law. The plaintiff claimed title to the premises by virtue of an oral contract with his brother, Andrew Mådson, made in 1876, and that he entered into possession of the premises pursuant to such sale, and paid the agreed purchase price therefor. On the trial the plaintiff was permitted, against the objection and exception of the defendants, to testify in his own behalf that he bought 40 acres of the land of his brother for ten dollars per acre; that he paid $100 in cash, and $50 a year for seven years; and that he paid all that he was to pay for it. And in relation to the three acres he testified that he could pay his brother for the land any time he was a mind to; that the first year there was no interest, but the second year he had to pay $30 on the balance, and ten per cent. interest. Again, he testified that he was to have a deed for the land as soon as he paid up; that such was the bargain; that he never got a deed of the land. This evidence was elicited in response to several separate questions, all of which were duly objected to by the defendants on the ground that the plaintiff was incompetent to testify to any conversation with Andrew Madson, deceased. The objections were all overruled, and the defendants duly excepted. After the testimony was received, the defendants made a motion to strike out

all of the evidence tending to show conversations or admissions with or by Andrew Madson. The motion was denied, and defendants excepted. The reception of this evidence is assigned as error.

The statute (G. S. 1894, § 5660) provides that:

"It shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties."

In the case of Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55, and subsequent cases, it is held that this statute only excludes the testimony of a party, or of one interested in the event of the action, as to oral conversations and admissions with and by the deceased, but that it does not extend to the acts of the deceased, although they may, in law, have the same effect as oral admissions. Counsel for the plaintiff attempt to justify the rulings of the court in receiving and retaining in the record the evidence of the plaintiff as to the contract between him and his deceased brother upon the ground that no evidence of any conversation was given, and that the witness confined himself to a statement of facts, not conversations, and that the evidence was admissible under the statute as construed by this court in the cases we have referred to.

The statute has never been thus emasculated by judicial construction, and the court erred in receiving the evidence. It would not have been competent for the plaintiff to have testified to the conversation with his brother whereby the alleged oral contract was made. And he could not indirectly do so, by stating the result of such conversation, in the form of conclusions of fact, which followed only from what the parties said. They could not make an oral contract for the sale of real estate, fix on the price, terms of payment, and time for the making and delivery of the deed, without talking. To permit the interested survivor to state the conclusions reached by the parties is far more dangerous and objectionable than would be the conversation in detail, leaving the court to draw its own conclusions of fact therefrom. That the statute cannot thus be indirectly nullified has already been decided by this court. Thus, in the case of Redding v. Godwin, 44 Minn. 355, 46 N. W. 563, a competent witness testified that the defendant, in a conversation

with the plaintiff's intestate, made certain fraudulent representa-tions, for which a recovery was sought in that action, and it was held that the defendant could not testify that in the conversation with the deceased he made no such representations; that he could not thus, in the form of a conclusion, indirectly give his version of the conversation.

But the plaintiff further claims that there was other and ample evidence to sustain the findings of the trial court as to the sale of the land and the terms thereof; hence the error was harmless. The incompetent testimony related to the vital issue in the case, and the defendants were denied the protection of the statute, not once, but repeatedly, and it is apparent that the trial court regarded it as competent and material. How far it influenced his findings of fact, we are not permitted to speculate; for certain it is that, ex-cluding this incompetent evidence, that which remains is not such as to require a finding for the plaintiff. The error was therefore not harmless, but reversible, and a new trial must be granted on ac-count thereof.

With a view to another trial, it is proper to dispose of two other questions.

The plaintiff's wife was permitted, over the objection of the de-fendants, to give evidence as to admissions by the deceased as to the sale of the land. She was a competent witness for the purpose of showing such admissions. She was not a party to the action, nor interested in the result thereof, within the meaning of the stat-ute, which requires that the interest must be pecuniary, direct, im-mediate, and not uncertain, contingent, remote, or merely a possible interest. Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022. Now, the land in question is not the homestead of the plaintiff; and, if he secures title to it as the result of this action, his wife will have only an inchoate interest therein. Such interest is not direct and certain, but contingent and uncertain, for it is only in the event that she survives her husband that she will acquire any direct and certain interest therein.

The other question relates to the interest in the land of the widow of Andrew Madson, the defendant Martha Madson. The trial court found that she knew of the sale of the land by her husband to the plaintiff, and consented thereto, and, as a conclusion of law, that

she had no interest in the land. This finding and conclusion, as to her, are assigned as error in her behalf, for the reason that there is no evidence to justify either the finding or the conclusion. Her contention is right, unless the claim of plaintiff is correct, that she is estopped from asserting her title after her long acquiescence in the respondent's use of the same. Conceding that her husband made the alleged sale of the land, and that she knew it, yet she would not be estopped from now asserting her title to the land, for the mere reason that she did not advise the plaintiff that she objected to the sale, and to his possession of the land. There is no evidence that she joined in the sale, or consented to or acquiesced therein, except the fact that she did not so object. The land was no part of the homestead, and her husband had a right to make the sale, and the plaintiff to purchase and use and occupy the land without her joining in the sale or consenting to such use. Until her husband died, she had no vested interest in the land to protect; she was not called upon to object, and had no legal right to do so. To now estop her from asserting her title to one-third in fee of the land, something more must be shown than her knowledge of the sale, and her mere failure to object during her coverture to it, and to the plaintiff's possession of the land.

We deem it unnecessary to pass on any of the other questions raised and discussed on this appeal, as the evidence on the next trial may not be the same as on the first one.

Order reversed, and a new trial granted.