EMILY H. BABCOCK v. CAROLINE C. MURRAY and Others.[1]

July 2, 1897.

Nos. 10,595—(223).

**Promissory Note—Evidence—Usury.**

Evidence considered, and *held*, that it sustains the findings of the trial court to the effect that the promissory note upon which this action is based was obtained from the defendants without fraud, for a valuable consideration, and that it is not usurious.

Appeal by defendants from an order of the district court for Ramsey county, Charles D. Kerr, J., denying their motion for a new trial, after a trial before the court without a jury. Affirmed.

*H. J. & A. E. Horn* and *Wm. Pitt Murray*, for appellants.

*Chas. G. Laybourn* and *Marshall A. Spooner*, for respondent.

START, C. J.

This is an action upon one of a series of seven promissory notes for $1,000 each, made by the defendants and Richard Deming, who died before the bringing of the action, to the plaintiff.

This is the third appeal herein. The first trial resulted in a judgment for the defendants, from which plaintiff appealed, resulting in a reversal of the judgment. See Babcock v. Murray, 58 Minn. 385, 59 N. W. 1038, to which reference is here made for a statement of

[1] Reported in 71 N. W. 913.

the facts of this case. The result of the second appeal—61 Minn. 408, 63 N. W. 1076—was that the case was remanded to the district court with direction to enter judgment for the plaintiff upon the findings unless that court, in its discretion, should grant a new trial. A new trial was so granted, and the defendants permitted to amend their answer by pleading four defenses,—fraud in obtaining the note, want of consideration therefor, a material and fraudulent alteration thereof, and usury. The trial court found in favor of the plaintiff and against the defendants upon all of the issues of fact, and ordered judgment for the plaintiff for the amount claimed. The defendants appealed from an order denying their motion for a new trial.

The trial court found the notes were made and delivered by the defendants at the request of Richard Deming, and for a valuable consideration moving from the plaintiff to Deming. This finding is sustained by the evidence.

It was claimed by the defendants in their answer that they were induced to make the notes by the fraudulent representations of Deming as to the purpose for which they should be used, but no evidence was offered in support of the claim except certain conclusions of fact testified to by the defendant William P. Murray, which were based upon a conversation with Deming when he signed the notes. This evidence was stricken out on motion of plaintiff as incompetent, Deming being dead, and the defendants assign the ruling as error. Their claim is that, because no attempt was made to detail any conversation with Deming, the statement as to the object and purpose of signing the notes was a fact not within the prohibition of the statute. But the fact was simply a deduction from the conversation, and the testimony incompetent. Madson v. Madson, supra, page 37.

The plaintiff did not waive the right to make the motion by the cross-examination, for objection was promptly made to the evidence, and the court, in overruling the objection, suggested, in effect, that plaintiff could cross-examine, and the evidence would be stricken out if it appeared to be the witness' conclusions drawn from the conversation with Deming. The suggestion was followed, and, as soon as it clearly appeared from the cross-examination that the

statements of the witness were simply his conclusions inferred from the conversation, the motion was made.

The defense that the note was materially altered was disposed of adversely to the defendants on the first appeal.

The only other claim of the defendants meriting consideration is that the trial court erred in not finding the note to be usurious. The question is not whether the evidence would have sustained a finding in favor of the defendants on this issue, but was the evidence such as to require such a finding? Clearly it was not. The trial court found that the plaintiff, prior to March 1, 1889, placed in the hands of Deming, as a loan agent, money to the aggregate amount of $9,000, to be loaned by him for her and in her name to third parties at the rate of 8 per cent. per annum, the payment of which he guarantied; that of this amount he did so loan for her and take securities therefor in her name the sum of $7,000, and that he appropriated to his own use, without her knowledge, the balance, $2,000; that upon being called upon for an accounting by the plaintiff on March 1, 1889, a settlement was had by the parties, whereby Deming secured the payment of the $2,000, and the plaintiff, in consideration of the notes of the defendants in question, transferred and assigned to him the securities for the $7,000 so loaned for her, and surrendered to him his contract of guaranty.

The evidence fairly justifies the conclusion that the plaintiff's son, Courtland Babcock, was her agent in the matter of loaning her money, and that he and Deming entered into a contract whereby the latter was to pay to the former a compensation equal to 12 per cent. per annum, payable monthly, on all money of the plaintiff which he should furnish Deming to loan, and that for a time such compensation was paid. The plaintiff denied all knowledge of this agreement, and further testified that she never received any sum in excess of the 8 per cent. interest on her loan as guarantied. The claim of the defendants is that the real transaction between the plaintiff by her son and agent and Deming was a loan of money; that the latter was never her agent to loan her money, but that the taking of the securities in her name, and the guaranty of the payment thereof to her by Deming, were but a disguise of the real

transaction, and a cover for usury, whereby interest at the rate of 20 per cent. per annum was exacted of Deming.

If the evidence establishes this claim, and is such as to require such a finding, the note in question is usurious, for "there is no device or shift on the part of the lender to evade the statute under or behind which the law will not look in order to ascertain the real nature of the transaction." Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265. But if, as the trial court found, the plaintiff never loaned Deming any money, but her money was intrusted to him, as her agent, to be loaned for her and in her name, and the series of notes of which the note in suit is one were given for an assignment of her securities, then in Deming's hands, to him, the transaction was free from any usury, even if it be conceded that the plaintiff's son and agent exacted for his personal benefit the unconscionable contract from Deming. The evidence in this case is not such as to require a finding in favor of the defendants on the issue of usury. On the contrary, all of the material findings of fact by the trial court are sustained by the evidence.

Order affirmed.