JOHN E. VEUM v. MARTIN SHEERAN.[1]

January 9, 1903.

Nos. 13,337—(208).

**Ejectment.**

In an action in ejectment, the record is examined, and it is *held* (1) that the findings of the trial court are sustained by the evidence; and (2) that no reversible errors were committed in respect to the admission or exclusion of evidence on the trial.

Action in ejectment in the district court for Waseca county by plaintiff, as administrator of the estate of Peter O. Houg, deceased. The case was tried before Buckham, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

Defendant's assignment of error No. 3, referred to in the opinion, was directed to the ruling of the trial court striking out defendant's answer to the following question: "I show you Exhibit 6, a receipt for $500 signed by Houg. Did you pay that $500 to Mr. Houg, Mr. Sheeran?" Answer: "Yes, sir. I paid him $100 at the time he made the sale to me; that is, he wanted so much down."

*P. McGovern* and *John Moonan*, for appellant.

*Bemjamin C. Taylor* and *Daniel Buck*, for respondent.

BROWN, J.

Action in ejectment, in which plaintiff had judgment, and defendant appealed from an order denying a new trial.

The facts are as follows: Plaintiff is the administrator of the estate of Peter O. Houg, deceased, and as such brought this action to recover a tract of land belonging to the estate he was engaged in administering. Defendant set up in defense that prior to the death of Houg he entered into an oral contract with him, by the terms of which Houg sold and agreed to convey the land in question to him; that defendant paid a part of the purchase price, en-

[1] Reported in 92 N. W. 965.

tered into possession under the contract, and has ever since remained in such possession; and he asks for specific performance. The question presented to the trial court was whether this alleged contract was ever in fact made and entered into between defendant and the deceased. After hearing all the evidence, the court found against defendant, to the effect that the allegations of his answer were not true, and the judgment was given against him.

The main question presented in this court is whether the findings of the trial court are clearly and palpably against the evidence. We have considered the record with care, and conclude that the findings should be sustained. The evidence is not so palpably against them as to justify interference by this court. The case of Jorgenson v. Jorgenson, 81 Minn. 428, 84 N. W. 221, cited and relied upon by defendant, is not in point. In that case the court found as a fact that the alleged contract of sale between the deceased and the plaintiff had been in fact entered into and partly performed, and that finding was based upon testimony given by a third person in no way interested in the action. In the case at bar the court found that the contract was not made, and the finding is sustained by the evidence.

We have examined the assignments of error on the subject of the exclusion of evidence, and find nothing on which to base an order of reversal. Assignment No. 3 (a ruling striking out a statement by defendant) was not error. The statement was but the conclusion of the witness, and the result of a conversation with the deceased relative to the sale of the land in question, and within the case of Madson v. Madson, 69 Minn. 37, 71 N. W. 824, was clearly inadmissible.

The ruling sustaining plaintiff's objection to the question

"You stated that you came down here to Waseca  *  *  *  to meet Mr. Houg. What did you come down here to meet Mr. Houg for?"

—if error at all, is not shown to have been prejudicial to defendant. The question was not followed up by an offer to show that the purpose of the visit was in any way material to the issue

on trial. Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99, and cases there cited.

The other assignments of error do not require special mention, and, as the findings of fact dispose of the case on its merits, the order appealed from must be sustained.

Order affirmed.