## C. L. Utter v. George N. Buck.

1. ELECTION—*when error to require.* It is error for the court to require the plaintiff to elect whether he will seek to recover upon an express contract or upon an implied one, where, even if the existence of the express contract was not established, the plaintiff was entitled to recover for services rendered by him and accepted by the defendant.

Action of assumpsit. Error to the Circuit Court of Coles County; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

MUNDY & PHIPPS, C. C. LEE and S. Z. LANDES, for plaintiff in error.

EDWARD C. & JAMES W. CRAIG, JR., for defendant in error; CRAIG & KINZEL, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, by plaintiff in error against defendant in error, to recover for services alleged to have been rendered to defendant in error, in making sale of certain real estate situated in the State of Indiana. The first three counts of the declaration are based upon an alleged express contract, and the fourth count upon an implied contract under which he seeks to recover whatever he deserved. A trial by jury resulted in judgment against

plaintiff in bar of action and for costs, to reverse which he appeals.

The express contract was alleged to be contained in a letter written to plaintiff by defendant, whereby defendant offered to pay plaintiff a commission of $1,125 if he would sell the land in question at $35 per acre. There is evidence tending to prove that upon receipt of the letter, plaintiff acting thereunder endeavored to, and finally did find a purchaser for the farm, to whom it was sold, although not upon the precise terms named in the letter. The question as to whether or not the contract had been annulled prior to such sale was controverted. The evidence, however, clearly shows that it was through the efforts of plaintiff that the sale was effected, and that defendant accepted and appropriated the benefit thereof.

Upon the trial, and before the introduction of any evidence, the defendant moved for a rule upon the plaintiff requiring him to elect whether he would prosecute his action under the counts averring an express contract, or under the *quantum meruit* count. The court reserved its decision upon the motion, whereupon the plaintiff introduced evidence tending to establish an express contract, after which the plaintiff was asked while upon the witness stand what effort, if any, he had made to sell the land. Counsel for defendant objected to the question and the court inquired as to the object of the testimony. Plaintiff's counsel stated that the evidence was offered to show that plaintiff had earned the contract price mentioned in the letter; that even if the express contract had been annulled, plaintiff had sufficiently proved that he had performed the services, and was therefore entitled to recover. The court thereupon ruled that plaintiff must then and there elect whether he would rely upon the theory of an implied or express contract, to which ruling the plaintiff excepted, and rested his case.

The ninth instruction given to the jury at the request of the defendant, was the following:

"The court instructs the jury that the plaintiff is suing

on the letter of November 26, 1901; the court instructs you that it is for the plaintiff to prove, by a preponderance of the evidence, that there was a contract existing between the plaintiff and the defendant, as claimed by the plaintiff, and, unless you believe from a preponderance of the evidence that the plaintiff has proven that on the 3rd day of October, 1902, there was such a contract in effect, it will be your duty to find for the defendant."

Notwithstanding plaintiff, when put to his election by the ruling of the court, did not so elect in express terms, we think that his action in resting, and failing thereafter to offer or introduce evidence as to the extent and character of his services, was in effect an election by him to rely upon the express contract. If the contention of defendant that plaintiff failed so to elect, is warranted, the giving of the instruction referred to was error.

If the court had not so understood, the instruction undoubtedly would have been refused. We are of opinion that the ruling of the court in question was clearly erroneous. If the contract was in force when the services were performed, notwithstanding they were not performed in strict accord with the terms thereof, plaintiff, nevertheless, was entitled to recover upon the *quantum meruit*. Even if it were shown that the contract had been abrogated or annulled, as contended by defendant, if the plaintiff had performed services for the defendant, the benefits of which were accepted and appropriated by him, he was entitled to recover the reasonable value of such services. Under the ruling of the court and the instruction referred to, plaintiff could only recover under the contract, and by showing that the same was in force and effect at the time of sale. The error could not have been otherwise than prejudicial to the plaintiff, and the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*