## THEODORE WETMORE & COMPANY v. J. T. THURMAN and Others.[1]

May 16, 1913.

Nos. 17,893—(58).

**Evidence — conversation with a deceased party.**

1. Where a party to an action is prohibited by the statute from testifying, "of or concerning any conversation with" a deceased party, he is equally prohibited from giving his conclusions or deductions drawn from such conversations.

**Action for services — election between express contract and quantum meruit.**

2. Where it is admitted that plaintiff is entitled to compensation for services, and the controversy is as to whether the amount has been fixed by contract, and, if not so fixed, as to the reasonable value of such services, it, at

---

[1] Reported in 141 N. W. 481.

least, would not be error to deny a motion that plaintiff be required to elect between the express contract and the quantum meruit, as it is desirable to settle the entire controversy at one trial.

Action in the district court for Hennepin county to recover $5,000. The case was tried before Steele, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Order denying judgment affirmed and order denying new trial reversed.

*Charles J. Tryon,* for appellant.

*Charles B. Elliott, Albert H. Hall, Roberts & Strong* and *J. E. Thwing,* for respondents.

TAYLOR, C.

Plaintiff is engaged in the business of selling real estate as agent for others, and claims to have effected a sale of the Holmes hotel property in Minneapolis, then owned by defendants Joseph E. Thwing and Joseph T. Thurman, for the sum of $135,000, under an agreement made with Thurman and authorized and ratified by Thwing, whereby they gave plaintiff the exclusive right to sell the property, and promised to pay plaintiff for its services, "all that said property should be sold for over and above the sum of $130,000." In its complaint, plaintiff alleges both an express contract to pay $5,000 for its services, and that such services were of the value of $5,000. In their answer, defendants deny any express contract or any exclusive agency, but admit a sale of the property for $135,000, and allege that plaintiff, at their request, rendered services in making such sale, that the value of such services is no more than $500 and offer judgment for that amount with costs.

After the service of the answer and before the trial, Joseph T. Thurman died and Margaret E. Thurman, as executrix of his estate, was duly substituted as a defendant in his place and stead. At the opening of the trial, on the motion of defendants and against the protest of plaintiff, the court required plaintiff to elect whether it would rely upon the express contract or upon the quantum meruit,

121 M.—23.

The transactions between the parties were conducted wholly by
Theodore Wetmore, on the part of plaintiff, and by Joseph T. Thur-
an order denying its alternative motion for judgment notwithstand-
they did not find it proven, to return a verdict for defendants. The
jury returned a verdict for defendants, and plaintiff appeals from
ing the verdict, or for a new trial.
court, in its charge, told the jury to return a verdict for plaintiff
of $5,000 and interest, if they found the contract proven, and, if
and plaintiff elected to proceed upon the express contract. The

man, on the part of defendants. Defendant Thwing testifies that
he had no talk with Wetmore, and that he received all his informa-
tion concerning the transactions of Wetmore and the agreement or
arrangement with him, from Thurman.

Section 4663, R. L. 1905, provides that: "It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties."

Although defendant Thwing, while testifying, was not permitted to give the conversations between himself and Thurman, he was repeatedly permitted to state the knowledge that he acquired, or the understanding, inference, or conclusion that he formed from these conversations.

The statute prohibits any party to an action from giving evidence, "of or concerning any conversation with" a deceased party or person; and giving the import of such a conversation, or the result thereof, or statements or objections that were not made, or deductions, or conclusions drawn from the conversation, is equally prohibited. Farmers Union Elev. Co. v. Syndicate Ins. Co. 40 Minn. 152, 41 N. W. 547; Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; Madson v. Madson, 69 Minn. 37, 71 N. W. 824; Babcock v. Murray, 69 Minn. 199, 71 N. W. 913; Robbins v. Legg, 80 Minn. 419, 83 N. W. 379; Reeves v. Sawyer, 88 Minn. 218, 92 N. W. 962; Veum v. Sheeran, 88 Minn. 257, 92 N. W. 965. Aside from the well known rule excluding the conclusions and inferences of a

witness, he cannot do indirectly what the statute prohibits him from doing directly.

At the trial plaintiff contended, not only that it made the sale of the property, but that, under its contract, it had the exclusive right to make such sale, and was entitled to its commission even if the sale were made by others. Defendants contended that plaintiff had no such exclusive contract, and that other agents brought the property to the attention of the Milwaukee parties to whom it was actually sold. In view of the questions raised, and the course the trial took, the testimony given by Thwing was clearly prejudicial to plaintiff. He stated, and reiterated the statement, that "it was the understanding that the $135,000 was net and no commission to Mr. Wetmore." He later stated that he "knew that Mr. Wetmore was endeavoring to sell the property or make a trade for it; being unsuccessful in that respect, he thought out a scheme of leasing the property, selling the building and leasing the ground for a term of 100 years;" that Mr. Wetmore was negotiating such a lease with Mr. Lennon, of St. Paul, and also with Mr. Skahen, of Minneapolis; that he never knew that, 'Wetmore claimed to have any exclusive sale rights in the property,' and never authorized 'Mr. Thurman to make any exclusive contract with Mr. Wetmore'; and that, in a conversation between himself, Thurman and Skahen, concerning Wetmore's claim, he stated to Skahen, 'We did not recognize Mr. Wetmore's claim.' "

As all his information was communicated to him by Thurman, this and other testimony merely served to place before the jury his deductions from the statements made by or to Thurman and was clearly error. It may be proper to remark that conversations between Thurman and Thwing would not be admissible, as against plaintiff, even if Thurman were living.

On the motion of defendants, the court required plaintiff to elect between the express contract and the quantum meruit alleged in the complaint. The granting or denying of such an application rests in the sound discretion of the court. A defendant is not entitled to demand such an election as of right. While this court has fre-

quently held that the trial court, in the proper exercise of its discretion, may require such an election, it has also repeatedly affirmed the action of the trial court in refusing to require it. Hawley v. Wilkinson, 18 Minn. 468 (525); Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308; Rhodes v. Pray, 36 Minn. 392, 32 N. W. 86; Ingle v. Angell, 111 Minn. 63, 126 N. W. 400, 137 Am. St. 533, 20 Ann. Cas. 625. If no unfair burden is imposed upon the defendant, a plaintiff ought not to be compelled to rely upon the one ground to the exclusion of the other, where it is admitted that he is entitled to compensation for services, and the only matters in controversy are whether the amount to which he is entitled is fixed by contract, or is what the services are reasonably worth, and, in the latter event, the value of such services. Utter v. Buck, 120 Ill. App. 120; Lockart v. Hamlin, 190 N. Y. 132, 82 N. E. 1094.

It is desirable that the entire controversy be settled at one trial, so that the parties will not be put to the trouble and expense of a second suit, if plaintiff should mistake his ground for recovery. The rule should be less strict where, by the death of one party to an oral agreement, the mouths of both parties are closed, thus rendering it uncertain to what extent the actual transaction between them can be proven. A denial of defendant's motion, under the circumstances disclosed in the present case, at least, would not have been error.

The evidence made a question for the jury and plaintiff's motion for judgment notwithstanding the verdict was properly denied, but the order denying the motion for a new trial is reversed and a new trial granted.