HEINRICH CHEMICAL COMPANY v. ESTATE OF EMMA O. BENNES.[1]

November 27, 1925.

No. 24,790.

**Signature of guaranty induced by misrepresentation.**
    1. There is evidence supporting the verdict, finding that Emma O. Bennes, deceased, was by appellant's misrepresentation, as to her having executed a previous guaranty, induced to sign the one on which appellant bases its claim.

[1]Reported in 205 N. W. 948.

**Verdict rendered question of consideration and rulings on evidence immaterial.**

2. The verdict demonstrates that the jury never reached the question of consideration as to which the charge is attacked as erroneous, and as to which incompetent testimony is said to have been admitted, therefore the errors in the charge and the admission of the evidence become immaterial and do not afford ground for reversal.

1. See Guaranty, 28 C. J. p. 1031, § 201.
2. See Appeal and Error, 4 C. J. pp. 986, § 2966; 1043, § 3026 (Anno).

Plaintiff's claim against estate of decedent was allowed in probate court for Clay county. The administrator appealed to the district court for that county where the appeal was heard by Nye, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Edgar E. Sharp,* for appellant.

*F. H. Peterson,* for respondent.

HOLT, J.

A claim against the estate of Emma O. Bennes upon a guaranty of the deceased was allowed in the probate court. The administrator appealed to the district court where a verdict was returned in his favor. The owner of the claim appeals from the order denying its motion in the alternative for judgment non obstante or a new trial.

The short facts are these: Appellant, a corporation, manufactures and sells through wagon peddlers household remedies, spices, etc. The peddlers buy the goods on credit and, to secure payment, an instrument is obtained signed by the peddler and two responsible parties guaranteeing that the goods will be paid for, and when there is a balance due on previous dealings payment thereof is also included in any new guaranty taken. One Studlien of Mayville, North Dakota, was such a peddler of appellant's goods in the vicinity of his home and, on January 12, 1918, he executed such an instrument with Olene Kragnes and K. R. Bennes, guarantors. Emma O.

Bennes, the wife of K. R. Bennes, signed as a witness. K. R. Bennes died November 2, 1918. And on October 24, 1921, a new instrument upon which this claim is predicated was obtained, signed by Studlien and Olene Kragnes and Emma O. Bennes as guarantors. At that time Studlien owed appellant $883.73. Since then, during the lifetime of Mrs. Bennes, the indebtedness has been increased in the sum of $452.11 for goods sold and not paid for.

The main question on this appeal is whether the evidence justified the jury in finding that Mrs. Bennes' signature to the guaranty had been obtained by fraudulent or false representations. That was the only defense pleaded, apart from want of consideration. Obviously there is nothing to the last defense so far as this appeal is concerned, for the court charged the jury that there was a valid consideration as to the goods bought after Mrs. Bennes signed, and left to the jury whether the dollar recited in the guaranty as consideration had been in fact paid. If the jury found the dollar had been paid, the verdict should be for the full amount of the claim, otherwise for $452.11. As the verdict was for the administrator, the jury must have determined the case solely on the ground that Mrs. Bennes had been induced to sign the guaranty by means of fraud. It is therefore quite unnecessary to consider any assignment of error on want of consideration, for clearly the jury did not reach that question.

It appears that appellant's representative, one Ogman, had notified Studlien to be at the Annex Hotel at Fargo with his sister Mrs. Kragnes on October 24, 1921. He also brought Mrs. Bennes there at that time in his automobile and, after procuring her signature, took her back to her home. Mrs. Kragnes, because of her interest as a coguarantor, was excluded from testifying as to the representations made to Mrs. Bennes and so was Studlien, but Clarence Kragnes, the 43-year old son of Mrs. Kragnes, was present, and his testimony was competent as to the representations made to the deceased. It does appear that there was considerable difficulty in procuring the signatures of the guarantors. They were reluctant to sign, and the time consumed in inducing them to do so is variously estimated as

being from an hour to an hour and a half. Clarence testified that Mr. Ogman wanted the women to sign and they held back, that his "mother said she thought they were out of it and didn't care to sign again." He was then asked what Mrs. Bennes said and answered: "Well, she didn't want to sign again and he said 'You are in it and you might as well come again.' He told them to sign those papers (exhibit 2, the guaranty); that they had signed them before and was in it and had to sign again."

It further appears that Mrs. Bennes was not experienced in business, having spent all her life on a farm; that she was the ordinary housewife. She was not in good health. She had been in a hospital two times that summer and fall, several weeks each time, and died in March, 1922. The jury had a right to compare her ability with that of Ogman, whom appellant had intrusted with the responsibility of procuring guaranties of its salesmen. It is claimed that Ogman merely expressed a legal opinion in the representation, which does not constitute such legal fraud as will vitiate a contract. We do not think the contention right. The jury could well conclude that he meant, what the language clearly indicates, that she had signed the former guaranty as guarantor, and was in the same position as Mrs. Kragnes. This was untrue. There is no evidence that Ogman exhibited the former guaranty, if he had it with him. It is not likely that she had any clear idea in what capacity she did sign when her husband was there and took the lead, an occurrence more than three years in the past. Under the circumstances, it is readily seen that the false assertion that she had bound herself by signing the former instrument could be used to induce her to become bound upon the one then urged upon her. Appellant offered no testimony as to what took place at the hotel. We think the evidence warranted the jury in finding that there was a misrepresentation of fact which induced Mrs. Bennes to affix her name as guarantor on October 24, 1921.

This practically disposes of the appeal, because, as above indicated, the errors assigned upon the charge in respect to consideration could not have had any influence upon the verdict rendered. How-

ever, there is one assignment of error in respect to the introduction of evidence that may be noted. Studlien and Olene Kragnes were permitted over appellant's objection to testify that at the hotel nothing was said of any consideration or money being paid that day. Grant that this was error under the decisions of Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; Madson v. Madson, 69 Minn. 37, 71 N. W. 824; and other cases cited in Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 354, 141 N. W. 481, it should not reverse, because it relates only to the consideration, an immaterial issue, the verdict, demonstrably being predicated wholly upon misrepresentation inducing the making of the contract.

The order is affirmed.